DIXON, Chief Justice.*
At issue here is the effect on a plea of guilty by a defendant whose probation had been revoked, when the judgment revoking the probation was later rescinded.
Louis Ruffin, Jr. pleaded guilty to simple burglary on May 2, 1978; he was sentenced to four years at hard labor, suspended, and was placed on active probation for five years, subject to serving nine months in the parish jail.
More than a year later — on September 5, 1979 — defendant pleaded guilty to simple battery in the Shreveport City Court; he was sentenced to six months in jail, consecutive to any other sentence. Based on that plea of guilty, defendant’s probation was revoked in the district court on November 21,1979. Then on January 14, 1980 defendant pleaded guilty to a misdemeanor theft charge arising out of conduct which occurred on June 23, 1979; he was sentenced to six months in jail, concurrent with any other sentence.
On November 7, 1980 defendant filed a post conviction proceeding in the city court seeking to set aside the plea of guilty to battery entered September 5, 1979. The city court vacated the sentence, the defendant was allowed to withdraw his guilty plea, and the prosecutor entered a nolle pros.
Then, in the district court, defendant attacked the probation revocation of November 21, 1979; at this point came the order, the effect of which is at issue. The court rescinded the probation revocation order and ordered the defendant released.
A week later, on January 20, 1981, the probation officer petitioned the court to revoke the probation for the January 14, 1980 plea of guilty to misdemeanor theft. On February 13, 1981 the probation was revoked and the original four year sentence was reinstated, with credit for time served.
We granted defendant’s application on his argument that he was not on probation on January 14, 1980; that his probation had been revoked on November 21,1979; that if he had not believed that he had nothing to lose by a six month concurrent jail sentence (he was then serving his four year prison sentence) he would have never pleaded guilty to the theft charge; that his plea of guilty was not knowingly and intelligently made, and should be set aside; and, finally, since his second probation revocation was based on an invalid plea, that revocation should be rescinded.
The record belies defendant’s argument. Defendant testified that he knew that a guilty plea could be used to revoke his probation. What defendant did not know was: that he would receive a favorable ruling on December 15, 1980 that his September 5, 1979 plea of guilty was invalid because he was not advised of his right to counsel; that on January 13, 1981 the district court would rule in defendant’s favor and rescind the order revoking his probation.
On January 14, 1980 defendant’s plea was knowingly and intelligently made. The trial judge is not required to inform the accused of all the possible consequences of the plea, nor of all the possible peripheral effects the plea might have in the future. State v. Muse, 367 So.2d 789 (La.1979); State v. Lewis, 366 So.2d 1355 (La.1978); State v. Jackson, 362 So.2d 1082 (La.1978); State v. Hoffman, 345 So.2d 1 (La.1977).
No grounds for setting aside the January 14, 1980 plea of guilty appear in the record. Therefore, the February 13, 1981 ruling of the district court revoking the defendant’s probation and reinstating the original four year sentence with credit for time served was correct.
The ruling of the district court is affirmed.

 Judges J. Burton Foret, Jimmy M. Stoker and P. J. Laborde, Jr. of the Third Circuit participated in this decision as Associate Justices Ad Hoc, joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Watson.