CULPEPPER, Judge.
In January, 1975, plaintiff applied to the defendant agency for a retail liquor and beer permit. The application was denied on the grounds that plaintiff had been convicted of a felony, LSA-R.S. 26:79, subd. *248 A(4) and 26:279, subd. A(5). Plaintiff appealed to the district court. After a trial de novo, the district judge affirmed the Board’s ruling and dismissed plaintiff’s suit. Plaintiff appeals.
Plaintiff admits pleading guilty to a felony charge of “attempted crime against nature” in Orleans Parish in 1967. It is urged that plaintiff has been automatically pardoned by the adoption of the Louisiana Constitution of 1974.
Plaintiff relies on LSA-R.S. 15:572 (as amended by Act 17 of the First Extraordinary Session of 1975) and Article IV, Section 5(E)(1) of the 1974 Constitution. Act 17 was passed by the Legislature to implement the provisions of paragraph (E) of Section 5 of Article IV of the 1974 Constitution. It merely outlines the procedure necessary to obtain an automatic pardon and has no effect on the outcome of this appeal.
Article IV, Section (E)(1) of the 1974 Constitution reads in part as follows :
“ . . . However, a first offender never previously convicted of a felony shall be pardoned automatically upon completion of his sentence, without a recommendation of the Board of Pardons and without action by the governor.”
The pertinent part of Article I, Section 20 of that Constitution reads:
“ . . . Full rights of citizenship shall be restored upon termination of state and federal supervision following conviction for any offense.”
These provisions have not yet been examined by the appellate courts of this state in the context presented.
The trial judge gave the following reasons for rejecting the plaintiff’s contention:
“The petitioner was convicted of a felony prior to the effective date of the Constitution of 1974. The sentence imposed was completed or discharged prior to the effective date of that Constitution. The Court is informed that the sentence consisted of a fine which was páid.
“The undersigned is of the opinion that the automatic pardon provision of the new constitution is not retroactive. Section 26 of Article 14 of that Constitution provides as follows:
“ ‘Except as otherwise specifically provided for in this constitution, this constitution shall not be retroactive and shall not create any right or liability which did not exist under the Constitution of 1921 based upon actions or matters occurring prior to the effective date of this Constitution.’
“Section 23 of Article 14 of the new Constitution provides as follows:
“ ‘All writs, actions, suits, proceedings, civil or criminal liabilities, prosecutions, judgments, sentences, orders, decrees, appeals, rights or causes of action, contracts, obligations, claims, demands, titles, and rights existing on the effective date of “ ‘this constitution shall continue unaffected. All sentences as punishment for crime shall be executed according to their terms.’
“Article 14 contains the transitional provisions of the 1974 Constitution. Section 26 quoted above opens with the introductory words, ‘Except as otherwise specifically (provided) in this constitution’ (Emphasis supplied). The undersigned finds nothing to indicate that the automatic pardon provision (Article 4, Section 5, (E)(1) or the restoration of citizenship provision (Article 1, Section 20) were intended by the framers of the constitution to extend retroactively to persons who were sentenced prior to January 1, 1975. The plain meaning of the language of the transitional provisions shows an intent to the contrary. Ac *249 cordingly, the relief sought by petitioner should be denied.”
His decision is further supported by the following comments on Article I, Section 20 of the 1974 Constitution by Professor Lee Hargrave in his article, “The Declaration of Rights of the Louisiana Constitution of 1974, 35 La.L.Rev. 1, pp. 63-64:
“An important addition is the last sentence : ‘Full rights of citizenship shall be restored upon termination of state and federal supervision following conviction of any offense.’ The committee had proposed that ‘full rights’ be restored, but an amendment changed this to ‘full rights of citizenship.’ The change followed a debate concerned with the applicability of multiple offender laws and their enhanced punishments to persons who had completed their sentences. The committee’s intent was that restoration of full rights would not automatically erase the fact of a conviction, and thus multiple offender legislation would be permitted under its proposal. However, to clarify this position, Delegate James Derbes submitted the amendment to change the language to the more limited expression ultimately adopted and thus suggest that multiple offender laws would not be invalidated.
“In fact, in Derbes’ view, his wording would not prevent adoption of legislation prohibiting the carrying of weapons by convicted felons or restricting the issuance of liquor licences to persons who had been convicted of an offense. He explained that he had in mind restoration of basic rights of citizenship, such as the rights to vote, to work, to hold office and to be employed by the state.”
For the reasons assigned, the judgment appealed is affirmed. All costs are assessed against plaintiff appellant.
Affirmed.
WATSON, J., concurs and assigns written reasons.