432 So.2d 234 (1983)
STATE of Louisiana
v.
Doyle "Kooter" WIGGINS.
No. 82-KA-0474.
Supreme Court of Louisiana.
May 23, 1983.
*235 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Nathan Stansbury, Dist. Atty., Jack Derrick Miller, Asst. Dist. Atty., for plaintiff-appellee.
Larry C. Dupuis, Edwards, Stefanski & Barousse, Crowley, for defendant-appellant.
MARCUS, Justice.
Doyle "Kooter" Wiggins was charged by bill of information with possession of a firearm after having previously been convicted of a felony in violation of La.R.S. 14:95.1. After denial of his motions to quash the information on the grounds that La.R.S. 14:95.1 did not apply to him and that time for commencement of trial had expired, defendant entered a plea of guilty, reserving his right to appeal.[1] Thereafter, he was sentenced to serve three years at hard labor without benefit of probation, parole, or suspension of sentence. On appeal, defendant relies on two assignments of error for reversal of his conviction and sentence.

ASSIGNMENT OF ERROR NO. 1
Defendant contends the trial judge erred in denying his motion to quash grounded on a claim that since he had been automatically pardoned for his prior felony conviction under La. Const. art. 4, § 5(E)(1) and restored all rights of citizenship under La.R.S. 15:572(D), including the right to keep and bear arms under La. Const. art. 1, § 11, La.R.S. 14:95.1 does not apply to him.
La.R.S. 14:95.1 provides in pertinent part:
A. It is unlawful for any person who has been convicted of first or second degree murder, manslaughter, aggravated battery, aggravated or simple rape, aggravated kidnapping, aggravated arson, aggravated or simple burglary, armed or simple robbery, burglary of a pharmacy, burglary of an inhabited dwelling, or any violation of the Uniform Controlled Dangerous Substances Law which is a felony or any crime defined as an attempt to commit one of the above enumerated offenses under the laws of this state, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which if committed in this state, would be one of the above enumerated crimes, to possess a firearm or carry a concealed weapon.
. . . .
C. Except as otherwise specifically provided, this Section shall not apply to the following cases:
(1) The provisions of this Section prohibiting the possession of firearms and carrying concealed weapons by persons who have been convicted of certain felonies shall not apply to any person who has not been convicted of any felony for a period of ten years from the date of completion of sentence, probation, parole, or suspension of sentence.
(2) Upon completion of sentence, probation, parole, or suspension of sentence the convicted felon shall have the right to apply to the sheriff of the parish in which he resides, or in the case of Orleans Parish the superintendent of police, for a permit to possess firearms. The felon shall be entitled to possess the firearm upon the issuing of the permit.
*236 In State v. Amos, 343 So.2d 166 (La.1977), defendants argued that, having been restored "[f]ull rights of citizenship" upon completion of state supervision for their previous felony convictions under La. Const. art. 1, § 20,[2] the legislature could not limit or regulate their right to keep or bear arms in contravention of La. Const. art. 1, § 11.[3] Therefore, La.R.S. 14:95.1 was unconstitutional. We rejected this argument stating:
To be sure, La.R.S. 14.95.1 is addressed to persons who are citizens of this state by virtue of having terminated state and federal supervision following their convictions. La. Const. art. 1, § 20 (1974). These persons have, nonetheless, previously been convicted of serious criminal offenses; restoration of citizenship cannot erase this fact. The verbatim transcripts of the constitutional convention debates indicate that neither La. Const. art. 1, § 11 nor La. Const. art. 1, § 20 were ever intended to preclude the type of legislation disputed herein. We are satisfied that it is reasonable for the legislature in the interest of public welfare and safety to regulate the possession of firearms for a limited period of time by citizens who have committed certain specified serious felonies. Courts of other states having statutes and constitutional provisions comparable to our own have similarly concluded that such regulation is constitutionally permissable as a reasonable and legitimate exercise of police power. (Citations omitted.)
See also State v. Williams, 358 So.2d 943 (La.1978); State v. Sanders, 357 So.2d 492 (La.1978).
However, defendant argues that Amos, supra, is distinguishable from the instant case in that he has been automatically pardoned for his prior felony conviction under La. Const. art. 4, § 5(E)(1) and restored "all rights of citizenship" under La.R.S. 15:572(D). La. Const. art. 4, § 5(E)(1) provides in pertinent part:
[A] first offender never previously convicted of a felony shall be pardoned automatically upon completion of his sentence, without a recommendation of the Board of Pardons and without action by the governor.
La.R.S. 15:572(B) tracks the language of the above constitutional article in legislatively implementing the automatic pardon provision for first felony offenders. La. R.S. 15:572(D) further provides in pertinent part:
On the day that an individual completes his sentence the Division of Probation and Parole of the Department of Corrections,... shall issue a certificate recognizing and proclaiming that the petitioner is fully pardoned for the offense, and that he has all rights of citizenship and franchise.... (Emphasis added.)
In State v. Adams, 355 So.2d 917 (La. 1978), we held that the automatic pardon provision in La. Const. art. 4, § 5(E)(1) did not preclude consideration of a first felony conviction in adjudicating a person as an habitual offender. Likewise, in State v. Selmon, 343 So.2d 720 (La.1977), we rejected the argument that La. Const. art. 1, § 20, which restores full rights of citizenship upon termination of state supervision following conviction of any offense, precludes the state from using the prior conviction to enhance a penalty.
Having previously held in Amos that La.R.S. 14:95.1 does not impermissibly contravene the right to keep and bear arms under La. Const. art. 1, § 11 despite restoration of "[f]ull rights of citizenship" upon termination of state and federal supervision following conviction of any offense under La. Const. art. 1, § 20, we perceive of no reason why La.R.S. 14:95.1 should not equally apply to a person who has been automatically pardoned under La. Const. art. 4, § 5(E)(1) for a prior first felony conviction and restored "all rights of citizenship" *237 under La.R.S. 15:572(D). We must bear in mind that La. Const. art. 4, § 5(E)(1) only provides for an automatic pardon for a first felony offender. It is La.R.S. 15:572(D) that provides for restoration of "all rights of citizenship." Surely, the legislature has the authority under its police power to limit the "rights of citizenship" restored by an automatic pardon by the provisions of La.R.S. 14:95.1.
In the instant case, defendant had previously been convicted of armed robbery and had completed his sentence. However, his automatic pardon did not erase his status as a convicted felon. The legislature has declared it unlawful for any person who has been convicted of armed robbery to possess a firearm unless a period of ten years has elapsed from completion of sentence, probation, parole or suspension of sentence, or the convicted felon first obtains a permit. La.R.S. 14:95.1. Here, as in Amos, we are satisfied that it is reasonable for the legislature in the interest of public welfare and safety to regulate the possession of firearms for a limited period of time by citizens who have committed certain serious felonies. Such a restriction does not unconstitutionally contravene defendant's right to keep and bear arms. Hence, La.R.S. 14:95.1 is applicable to defendant. The trial judge did not err in denying defendant's motion to quash.
Assignment of Error No. 1 is without merit.

ASSIGNMENT OF ERROR NO. 2
Defendant contends the trial judge erred in denying his motion to quash on the ground that time for commencement of trial had expired under La.Code Crim.P. art. 578(2).
Prosecution was instituted by information on June 6, 1979. La.Code Crim.P. art. 382. On January 20, 1981, defendant entered a plea of guilty and was sentenced to serve three years at hard labor. Imposition of sentence was suspended and defendant was placed on probation for three years with the special condition that he serve one year in the parish jail. On April 29, 1981, the state filed a motion to vacate the sentence on the ground that it was an illegal sentence under La.Code Crim.P. art. 893. On May 11, 1981, the day the state's motion was to be heard, defendant moved to withdraw his guilty plea and enter a plea of not guilty. The motion was granted and the case was set for trial on June 10, 1981. On that day, defendant failed to appear when his case was called for trial and a bench warrant was issued for his arrest. Trial was reset for January 19, 1982. After denial of defendant's motions to quash the information on the grounds that La.R.S. 14:95.1 did not apply to him (Assignment of Error No. 1) and that time for commencement of trial had expired (Assignment of Error No. 2), defendant entered a plea of guilty, reserving his right to appeal the denial of the motions.
We have held that La.Code Crim.P. arts. 578, 580, 581 and 582 must be read and applied together. State v. Falkins, 395 So.2d 740 (La.1981). La.Code Crim.P. art. 578(2) provides:
Except as otherwise provided in this Chapter, no trial shall be commenced:
(2) In other [noncapital] felony cases after two years from the date of institution of the prosecution; ...
La.Code Crim.P. art. 580 provides:
When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial. (Emphasis added.)
La.Code Crim.P. art. 582 provides:
When a defendant obtains a new trial or there is a mistrial, the state must commence the second trial within one year from the date the new trial is granted, or the mistrial is ordered, or within the period established by Article 578, whichever is longer. (Emphasis added.)
In the instant case, defendant's motion to withdraw his guilty plea was granted on May 11, 1981, within two years from the date of institution of prosecution (June *238 6, 1979). Whether we view his motion as a preliminary plea, pursuant to art. 580, or as one in which he obtained a new trial under art. 582, the state had until May 11, 1982 to commence the trial. Defendant's guilty plea was entered on January 19, 1982, well within this period. Hence, the trial judge did not err in denying defendant's motion to quash.
Assignment of Error No. 2 is without merit.
Our review of the record in this case reveals that defendant has been illegally sentenced. Although defendant did not object to this error at the time of sentencing or urge it on appeal, the error shall be considered by this court since it is an error discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence. La.Code Crim.P. art. 920(2); State v. Upton, 382 So.2d 1388 (La.1980); State v. Jones, 341 So.2d 3 (La. 1976).
Defendant was sentenced to serve three years at hard labor without benefit of probation, parole, or suspension of sentence. At the time of the commission of the offense, April 15, 1979, the penalty provision of La.R.S. 14:95.1 provided:
Whoever is found guilty of violating the provisions of this Section shall be imprisoned at hard labor for not less than three nor more than ten years. If such conviction is for the crime of carrying a concealed weapon, such sentence shall be without the benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars.[4]
Under this provision, the trial judge was not authorized to impose a sentence on a person convicted of possession of a firearm without benefit of parole nor to exclude such a person from consideration for probation or suspension of sentence. Thus, defendant's sentence is illegal. An illegal sentence may be vacated and corrected at any time. La.Code Crim.P. art. 882. State v. Patterson, 384 So.2d 790 (La.1980). Hence, the sentence must be vacated and the case remanded to the trial court with instructions to the trial judge to resentence defendant in accordance with law.

DECREE
For the reasons assigned, defendant's conviction is affirmed, but his sentence is vacated and set aside, and the case is remanded to the district court with instructions to the trial judge to resentence defendant in accordance with law.
DENNIS, J., concurs and assigns reasons.
DIXON, C.J., dissents with reasons.
DIXON, Chief Justice (dissenting).
I respectfully dissent.
It is hardly worthwhile to belabor the point, except that such interpretation of plain words of constitutional provisions is dangerous.
Article IV, Section 5(E) gives Wiggins an automatic pardon, whether we like it or not. A pardon restores citizenship, and the right to bear arms is a right of citizenship, says the Constitution, whether we like it or not.
Article I, Section 11, of the Louisiana Constitution says:
"The right of each citizen to keep and bear arms shall not be abridged, but this provision shall not prevent the passage of laws to prohibit the carrying of weapons concealed on the person."
Our Constitution deserves greater respect.
NOTES
[1] State v. Crosby, 338 So.2d 584 (La.1976).
[2] La. Const. art. 1, § 20 provides in pertinent part: "Full rights of citizenship shall be restored upon termination of state and federal supervision following conviction for any offense."
[3] La. Const. art. 1, § 11 provides: "The right of each citizen to keep and bear arms shall not be abridged...."
[4] The penalty provision of La.R.S. 14:95.1 was amended by La.Acts 1980, No. 279, § 1. This provision now provides:

B. Whoever is found guilty of violating the provisions of this Section shall be imprisoned at hard labor for not less than three nor more than ten years without the benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars.