_JjBROWN, Judge.
After plaintiff, Charles W. Dear, completed his three year sentence for a third offense DWI, he filed a rule for reinstatement of his driving privileges which had been suspended for a period of two years pursuant to the provisions of La. R.S. 32:414(D).[1] He contended that under the Louisiana Constitution, he received an automatic pardon upon the completion of his sentence. Because of this pardon, he argues that his third DWI conviction could not be used as a basis for the suspension of his driving privileges.
La. Const, art. 4, § 5(E)(1) provides two means by which a convicted felon may be pardoned:
The governor may grant reprieves to persons convicted of offenses against the state and, upon recommendation of the Board of Pardons, may commute sentences, pardon those convicted of offenses against the state, and remit fines and forfeitures imposed for such offenses. However, a first offender never previously convicted of a felony shall be pardoned automatically upon completion of his sentence, without a recommendation of the Board of *863 Pardons and without action by the governor (Emphasis added).
The trial court concluded that the automatic pardon restored Dear’s rights of citizenship, including “the right to obtain a driver’s license.” Accordingly, the court ordered the state through the Department of Public Safety and Corrections to set aside the suspension of Dear’s driving privileges and, upon his meeting the requirements of law, to issue him a driver’s license. The state has appealed. We reverse.
DISCUSSION
La. R.S. 32:414(D) requires the state to suspend for two years the driver’s license of any person upon receipt of evidence of a conviction, guilty plea or plea of nolo conten-dere, and a sentence with regard to a third or subsequent DWI |2offense. The public policy promoted by La. R.S. 32:414(D) is analogous to that declared in the Motor Vehicle Habitual Offender Law, La. R.S. 32:1471 et seq., specifically, to provide safety for those who travel public thoroughfares; to limit the driving privileges of those whose conduct demonstrates an indifference to the welfare of others and a disrespect for the law; and to discourage repetitive criminal behavior. Clearly, it is reasonable for the legislature, in the interest of public safety and welfare, to suspend the driving privileges of citizens who repeatedly drive while under the influence of alcohol.
In State v. Adams, 355 So.2d 917 (La.1978), the supreme court concluded that the mere completion of a sentence is not sufficient to erase the fact of conviction. In essence, the automatic pardon operates to forgive the offender, but the conviction is not forgotten. As such, the court concluded that a prior conviction, for which the offender was automatically pardoned, could be considered for purposes of habitual offender laws. Adams, 355 So.2d at 922.
Similarly, the convictions of those automatically pardoned by law have been used to trigger remedial measures related to public safety and welfare. In State v. Wiggins, 432 So.2d 234 (La.1983), a previously convicted felon challenged the denial of his right to possess a firearm under La. R.S. 14:95.1. Wiggins asserted that his Article 4, § 5(E)(1) automatic pardon restored all of his rights of citizenship, including the right to keep and bear arms. The court, however, noted a critical distinction:
We must bear in mind that La. Const, art. 4, Sec. 5(E)(1) only provides for an automatic pardon for a first felony offender. It is La. R.S. 15:572(D) that provides for restoration of “all rights of citizenship.” Surely, the legislature has the authority under its police power to limit the “rights of citizenship” restored by an automatic pardon by the provisions of La. R.S. 14:95.1.
Wiggins, 432 So.2d at 237. While the automatic pardon is a matter of state constitutional law, the extent to which rights and privileges are restored is the ^subject of legislation. The court upheld the denial of Wiggins’ right to bear arms as a legitimate exercise of legislative discretion to promote public safety.
The reasoning employed in Wiggins is equally applicable to the instant ease. If the prior conviction, pardoned automatically under the constitution, can be considered for purposes of restricting the constitutional right to bear and keep firearms, then a forti-ori, a prior conviction may be recognized for restricting the mere 'privilege of driving.
CONCLUSION
The automatic first felony offender pardon following the completion of Dear’s sentence for third offense DWI does not diminish the fact that petitioner stood convicted of three DWIs. The revocation of driving privileges for two years after three DWI convictions serves a legitimate public safety purpose and is within the power of the legislature, even where one of the required predicate offenses has been automatically pardoned. Accordingly, the trial court erred in ordering the state to set aside the suspension of Dear’s driving privileges. The trial court’s judgment is reversed and the suspension of driving privileges is reinstated at appellee’s cost.
REVERSED AND RENDERED.

. This information comes from the petition and answer. The record does not contain any documentation concerning the criminal proceedings.