Dear Mr. Tillman:
Your request for an Attorney General's Opinion has been forwarded to me for research and reply. In particular, you have asked the following question:
Does the First Offender Pardon remove a conviction from an individual's record so that he would thereafter be qualified to receive an alcohol and beverage license from the City and/or State?
LSA-R.S. 26:80 provides the qualifications needed for applicants to receive a permit. Included among these is the requirement that the applicant not have any felony convictions. The language of LSA-R.S. 26:80 (A) contains the following mandatory language:
"Applicants for state and local permits of all kinds shall meet all of the following conditions:"
This language seems to mandate that every applicant meet all ten of the requirements needed in order to obtain an alcoholic beverage permit. However, LSA-R.S. 26:87 provides for the determination of issuance of a permit. This statute authorizes municipal and parish authorities to investigate all applications independently of the commissioner. They "shall" withhold the issuance when it is authorized by the rest of the chapter. It is therefore possible for the Commissioner to grant a liquor license to an individual while the municipal or parish authority denies the application since each determination is to be made independent of the other.
In 1975, the Third Circuit decided Williams v. LouisianaBoard (Commission) of Alcoholic Beverages, 317 So.2d 247
(La.App. 3rd Cir. 1975). This decision dealt with the retroactive or prospective effect of the newly enacted first offender pardon. However, in dicta, Judge Culpepper discussed the intent of the drafters of the new statute. The first draft of the statute stated that "full rights" be restored. An amendment changed this phrase to read "full rights of citizenship." The drafters did not want the fact of conviction erased for multiple offender purposes. As Professor Lee Hargrave explained in "The Declaration of Rights of the Louisiana Constitution of 1974," 35 La. L. Rev. 1, pp. 63-64., legislation prohibiting convicted felons from carrying weapons or restricting issuance of liquor licenses to convicted felons would apply to those individuals who receive First Offender Pardons. The amended language only restores basic rights of citizenship, including the right to vote, hold office, etc. . . .
In State v. Adams, 355 So.2d 917 (La. 1978), the Louisiana Supreme Court concluded that the completion of a sentence does not alone erase the fact of conviction. The Adams court therefore concluded that the prior conviction could be considered for subsequent offenses for habitual offender purposes. The automatic pardon does not erase a person's status as a convicted felon.State v. Wiggins, 432 So.2d 234 (La. 1983). In fact, as noted above, the drafters were very precise in the language used to define which rights would be restored under the first offender pardon. The automatic first felony pardon does not erase the existence of the conviction. Conversely, the governor through a full pardon erases a conviction.
Louisiana Attorney General Opinion No. 83-805 states: There are various other privileges which may be affected by a conviction. The Louisiana Board of Alcoholic Beverage Control may consider the fact of a conviction in its determination of whether an applicant may receive a liquor license. [Citing LSA-R.S. 26:79
(A) (4)] That opinion goes on to note that a conviction is one of several factors to be considered when deciding to issue a license. "Since the conviction is one of the factors to be considered, and since the automatic pardon does not eliminate the existence of the conviction, then a liquor or real estate license may be refused on the basis of that conviction. In contrast, the governor's pardon erases the fact of the conviction and thus denial of a license cannot be premised upon a conviction which has been erased and effectively extinguished." La. Atty. Gen. Op. No. 83-805.
It is therefore the opinion of this office that a felony conviction subject to the automatic first offender pardon may be considered by both the state and the municipality when considering an application for a liquor license. Since the automatic first offender pardon does not erase the fact of the conviction, the conviction may be the basis for refusing an applicant an alcohol beverage permit. However, a gubernatorial pardon does erase the fact of conviction, and therefore a conviction which is extinguished under a governor's pardon may not be the basis for denying an application for an alcohol beverage permit.
I hope that this information adequately answers your question. If this office can be of any further assistance to you, please do not hesitate to contact me.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: ___________________________ Frank A. Brindisi Assistant Attorney General