704 So.2d 946 (1997)
STATE of Louisiana, Appellee,
v.
Cedric RISER, Appellant.
No. 30201-KA.
Court of Appeal of Louisiana, Second Circuit.
December 12, 1997.
*947 Louisiana Appellate Project by J. Wilson Rambo, Monroe, for Appellant.
Richard Ieyoub, Attorney General, Walter E. May, District Attorney, Douglas L. Stokes, Jr., Assistant District Attorney, for Appellee.
Before WILLIAMS, GASKINS and CARAWAY, JJ.
CARAWAY, Judge.
Cedric Riser was charged by bill of information with two counts of possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1. A jury convicted Riser of one count of attempted possession of a firearm by a convicted felon and the court sentenced him to serve five years at hard labor without benefit of probation, parole or suspension of sentence and fined him $500. For the reasons expressed below, we affirm defendant's conviction, vacate the sentence and remand for re-sentencing.

Facts
In 1986, Riser pled guilty to aggravated battery and the court sentenced him to serve three years imprisonment at hard labor. The trial court suspended the sentence and placed the defendant on two years probation which he completed on September 5, 1988.
On April 27, 1996, Dan Hicks, the Chatham night marshal, stopped defendant for a traffic violation and saw a .45 caliber semi-automatic pistol in the defendant's car. Unaware of the defendant's previous felony conviction, Hicks *948 completed the traffic stop and allowed the defendant to continue his trip.
On May 25, 1996, Jackson Parish Sheriff's Deputy Brent Barnett stopped the defendant for a traffic violation and saw the pistol in the defendant's car. When the defendant admitted ownership of the weapon, Deputy Barnett arrested him for possession of a firearm by a convicted felon. The state subsequently charged the defendant with two violations of La. R.S. 14:95.1.
At trial, the defendant introduced a copy of a "Verification of First Offender Pardon" dated September 21, 1988. That document, from the Louisiana Department of Public Safety and Corrections, Division of Probation and Parole (hereinafter "the Department of Corrections"), provides:
To Whom It May Concern:
It appearing to Louisiana Department of Public Safety and Corrections, Division of Probation and Parole that Cedric Riser was tried and convicted of the crime of Aggravated Battery, and on the 5th day of September, 1986, for said offense, was sentenced to three years by the Honorable Robert Y. Butler, Judge of the 2nd Judicial District Court, Parish of Jackson, State of Louisiana.
And it further appearing that defendant has completed this sentence and meets all of the requirements for an automatic first offender pardon.
Now, therefore, this will certify and proclaim that effective September 5, 1988, defendant is fully pardoned for the offense above stated and that all rights of citizenship and franchise are restored in Louisiana. (Emphasis added.)
The copy of the foregoing verification was certified by the clerk of court for Jackson Parish as having been received from the Department of Corrections and filed in the parish records.
The first offender, automatic pardon is expressed in La. Const. art. 4, § 5 which states:
The governor may grant reprieves to persons convicted of offenses against the state and, upon recommendation of the Board of Pardons, may commute sentences, pardon those convicted of offenses against the state, and remit fines and forfeitures imposed for such offenses. However, a first offender never previously convicted of a felony shall be pardoned automatically upon completion of his sentence, without a recommendation of the Board of Pardons and without action by the governor.
The legislature has further implemented the automatic pardon provision in the Revised Statutes, as follows:
La. R.S. 15:572. Powers of governor to grant reprieves and pardons; automatic pardon for first offender
* * * * * *
D. On the day that an individual completes his sentence the Division of Probation and Parole of the Department of Corrections, after satisfying itself that (1) the individual is a first offender as defined herein and (2) the individual has completed his sentence shall issue a certificate recognizing and proclaiming that the petitioner is fully pardoned for the offense, and that he has all rights of citizenship and franchise, and shall transmit a copy of the certificate to the individual and to the clerk of court in and for the parish where the conviction occurred. This copy shall be filed in the record of the proceedings in which the conviction was obtained. However, once an automatic pardon is granted under the provisions of this Section, the individual who received such pardon shall not be entitled to receive another automatic pardon.
Emphasis added.
Despite the implication of the automatic pardon certificate or verification offered as the defense, the jury convicted Riser of one count of attempted possession of a firearm by a convicted felon on the charge arising from the May 25, 1996 incident. Riser appeals asserting as assignments of error the sufficiency of the evidence for conviction and an improper and excessive sentence.[1]

*949 Discussion

Interpreting three separate Louisiana constitutional provisions, the jurisprudence has drawn distinctions between three situations involving the restoration of certain rights and privileges to convicted felons. In the first instance, where no pardon has been granted but the individual has served his sentence and is beyond the time of supervision by the state, La. Const. art. 1, § 20 provides that full "rights of citizenship" are restored. These "rights of citizenship" have been interpreted, however, as comprising only a limited number of customary rights that a citizen may exercise, such as the rights to vote, work and hold public office. State v. Selmon, 343 So.2d 720 (La.1977); State v. Amos, 343 So.2d 166 (La.1977).
At the opposite end of these situations, where the individual receives a full executive pardon by the governor, upon recommendation of the Department of Corrections, he is restored to the "status of innocence." See the first sentence of La. Const. art. 4, § 5(E)(1) quoted above; State v. Childers, 197 La. 715, 2 So.2d 189 (1941); and State v. Lee, 171 La. 744, 132 So. 219 (1931).
Finally, the Louisiana Supreme Court recognized in State v. Adams, 355 So.2d 917 (La.1978), that there is a third situation, addressed in the second sentence of Art. 4, § 5(E)(1), that provides an automatic pardon to the first time offender upon completion of his sentence. In Adams, the defendant was convicted of armed robbery and the trial court sentenced him, as a second offender, to twenty-five years at hard labor. On appeal, the defendant asserted that the trial court erred in adjudicating him a second offender because the automatic, first offender pardon precluded the use of his first conviction as a basis for sentencing under the habitual offender statute.
The high court held in Adams that although a full and complete pardon by the governor would preclude the use of a pardoned offense to enhance punishment, the automatic, first offender pardon established by Art. 4, § 5(E)(1) was not equivalent to a full executive pardon. The Court stated:
... We recognize that there is a difference in the effect of a "pardon" under Art. 4, § 5(E)(1), and restoration of "full rights of citizenship" under Art. 1, § 20. Art. 1, § 20 restores only the basic rights of citizenship, such as the right to vote, work or hold public office. On the other hand, Art. 4, § 5(E)(1) restores privileges as well as rights, such as the privilege of holding a liquor license. That does not mean, however, that the automatic pardon provision restores the status of innocence to the convict who has merely served out his sentence.
* * * * * *
A full pardon granted by the governor has presumably been given the careful consideration of several persons who have taken into account the circumstances surrounding the offense, and particular facts relating to the individual. We do not feel, however, that the delegates to the 1973 Constitutional Convention, in including this provision in the 1974 Constitution (or the legislature before them in proposing a similar amendment to Art. 5, § 10 of the 1921 Constitution, La. Acts 1968, No. 662, § 1), intended that service of one's sentence be the only prerequisite for restoration of the status of innocence. If the legislature had intended that a first offense could not be relied upon for enhancement of punishment, it could easily have said so.
Hence, we hold that the automatic pardon provision of Art. 4, § 5(E)(1) does not preclude consideration of a first felony conviction in adjudicating a person as a habitual offender.
Id. at p. 922.
Following Adams, the issue, which is the subject matter underlying this appeal, was addressed in State v. Wiggins, 432 So.2d 234 (La.1983). Charged with possession of a firearm in violation of La. R.S. 14:95.1, the defendant asserted that he had been automatically pardoned for his first felony conviction under Art. 4, § 5(E)(1) and restored all rights of citizenship under La. R.S. 15:572(D), including the constitutional right to keep and bear arms. The supreme court reviewed the interaction between La. R.S. *950 14:95.1 and the automatic, first offender pardon and held:
Having previously held in Amos that La. R.S. 14:95.1 does not impermissibly contravene the right to keep and bear arms under La. Const. art. 1, § 11 despite restoration of "[f]ull rights of citizenship" upon termination of state and federal supervision following conviction of any offense under La. Const. art. 1, § 20, we perceive of no reason why La. R.S. 14:95.1 should not equally apply to a person who has been automatically pardoned under La. Const. art. 4, § 5(E)(1) for a prior first felony conviction and restored "all rights of citizenship"under La. R.S. 15:572(D). We must bear in mind that La. Const. art. 4, § 5(E)(1) only provides for an automatic pardon for a first felony offender. It is La. R.S. 15:572(D) that provides for restoration of "all rights of citizenship." Surely, the legislature has the authority under its police power to limit the "rights of citizenship" restored by an automatic pardon by the provisions of La. R.S. 14:95.1. State v. Wiggins, 432 So.2d 234 (La.1983).
In short, the Wiggins`court equated the automatic, first offender pardon provision in Art. 4 with the restoration of all rights of citizenship language found in Art. 1 without commenting on the language in Adams, supra, which had indicated that the automatic pardon is broader than the restoration of rights granted to other felons under Art. 1. While Adams had clearly stated that the automatic pardon restores privileges as well as rights, it is unclear after Wiggins which additional privileges that this limited constitutional "pardon" restores. What is now clear, however, is that the Wiggins decision holds that La. R.S. 14:95.1 is applicable to individuals, like this defendant, who have received the automatic, first offender pardon pursuant to Art. 4, § 5(E)(1).

Sufficiency of Evidence
Recognizing that Wiggins allows for his conviction despite the pardon of his first offense, Riser nevertheless argues that the element of his criminal intent was not sufficiently proven by the state in this instance, particularly the specific criminal intent which was necessary for the jury to return the lesser responsive verdict of attempted possession of a firearm by a felon. La. R.S. 14:10 and 14:27(A). The defendant makes this argument regarding intent while recognizing that the evidence established that he freely admitted ownership and possession of the gun to the officer at the time of his arrest. He argues, however, that his intent was tainted by a mistake of law. La. R.S. 14:17. Thus, he insists that the state was required to prove that he not only intended to possess the gun in question but that he intended to violate La. R.S. 14:95.1 with the knowledge that he remained in the status of a convicted felon for the crime he committed almost ten years earlier. Additionally, the defendant argues that the jury improperly ignored evidence that the defendant reasonably relied upon the language of the pardon he received from the state as reflected in the letter from the Department of Corrections.
The standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Harris, 625 So.2d 228 (La.App. 2d Cir.1993).
In State v. Tatum, 27,301 (La.App.2d Cir. 9/27/95), 661 So.2d 657, 660, we addressed the argument which defendant now makes regarding the jury's responsive verdict of attempted possession of a firearm by a felon and the necessity for proof of specific criminal intent. There, we reviewed the law, as follows:
... To support a conviction of possession of a firearm by a convicted felon, the state must prove beyond a reasonable doubt possession of a firearm; prior conviction of any enumerated felony within the ten year statutory time limitations; and general intent to commit the offense. State v. Husband, 437 So.2d 269 (La.1983); State v. Washington, 605 So.2d 720 (La. App. 2d Cir.1992), writ denied, 610 So.2d 817 (La.1993).
The charged offense is a general intent crime. To sustain a conviction for attempted possession of a firearm by a convicted *951 felon, however, the state is required to prove that defendant had the specific intent to possess the weapon(s) and that he committed an overt act towards the completion of that offense.
* * * * * *
Attempt, however, is a responsive verdict to the charged offense. A jury has the prerogative to compromise and render a lesser verdict whenever it could have convicted as charged. The evidence in this case was sufficient to convict as charged. State ex rel. Elaire v. Blackburn, 424 So.2d 246, 251 (La.1982) states:
[i]f the defendant does not enter an objection (at a time when the trial judge can correct the error), then the reviewing court may affirm the conviction if the evidence would have supported a conviction of the greater offense, whether or not the evidence supports the conviction of the legislatively responsive offense returned by the jury.
As in Tatum, the evidence here clearly demonstrates that the defendant intended "to possess a firearm or carry a concealed weapon," the prescribed criminal consequences of La. R.S. 14:95.1. The evidence was sufficient to support a conviction for the greater offense; and the jury could choose to respond with a verdict of the lesser offense of the attempted crime.
Regarding defendant's mistake of law defense, La. R.S. 14:17 provides, in pertinent part, as follows:
Ignorance of the provision of this Code or of any criminal statute is not a defense to any criminal prosecution. However, mistake of law which results in the lack of an intention that consequences which are criminal shall follow, is a defense to a criminal prosecution under the following circumstances:
(1) Where the offender reasonably relied on the act of the legislature ... in otherwise purporting to make the offender's conduct lawful... (Emphasis added)
Defendant rests his mistake of law defense on the Department of Correction's letter of verification or certification which is required by La. R.S. 15:572 D to be mailed to defendant as notice of his automatic pardon. Based upon the language of La. R.S. 14:17(1) and in view of the labored jurisprudential distinctions regarding "pardon" as that term is twice expressed, without elaboration, in Art. 4, § 5(E)(1), a mistake of law defense might be proven in this instance. A first offender, who receives a formal notice from a state agency expressing the substance of La. R.S. 15:572 D's restoration of "all rights of citizenship and franchise" and using the constitutional term "pardon," may reasonably rely on those legislative and constitutional expressions and conclude that he may possess a firearm like other citizens.
Although this mistake of law defense is possible, the defendant erroneously implies in his argument that the state bore the burden of proving that the defendant knew that he remained subject to this criminal sanction despite his automatic pardon. In State v. Cheatwood, 458 So.2d 907 (La.1984), the court made observations in a footnote regarding the burden of proof for such defenses in the criminal context and concluded as follows:
The statutory provisions setting forth the state's burden of proof refer only to the requirement that the state prove the elements of the crime  not that the state disprove the exculpatory circumstances constituting defenses which defeat criminal culpability despite proof of the presence of all elements of the offense. See La. R.S. 15:271; La.C.Cr.P. art. 804; former La. C.Cr.P. arts. 263 and 387 (1928).
Id., footnote 4, p. 910.
The particular defense at issue in Cheatwood was one of the "justification" defenses set forth in La. R.S. 14:18, which the court observed to be based "on circumstances which make the accused's conduct excusable on policy grounds." Id. The court concluded that such defenses are affirmative defenses which the accused must prove by a preponderance of the evidence. We likewise conclude that the burden of proof of the defense of mistake of law in this instance was on the defendant.
*952 From our review of the record which contains only the above quoted letter from the Department of Corrections, we believe that defendant did not meet his defensive burden of proof. The defendant did not testify at trial. The letter itself is not addressed to the defendant, and no envelope or other record bearing defendant's address was submitted into evidence. In short, the defendant presented no evidence at trial to indicate he actually received and relied on the letter. Because the defendant bears the burden of proving his reliance by a preponderance of the evidence, we hold that he failed to prove that he reasonably relied on the letter as informing him of his automatic pardon. Accordingly, defendant's assignment of error regarding the sufficiency of the evidence in this case is without merit.

Sentence
Finally, the defendant asserts the Court failed to comply with La.C.Cr.P. art. 894.1 C and imposed a constitutionally excessive sentence. Following his conviction for attempted possession of a firearm by a convicted felon the defendant faced a sentencing range of 0 to 7-1/2 years at hard labor and a fine of not more than $2,500. La. R.S. 14:95.1(B); La. R.S. 14:27; State v. Callahan, 671 So.2d 903 (La.1996).
La.C.Cr.P. art. 894.1 C provides that "the court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence." The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983). The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La. 1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29, 519 (La.App.2d Cir. 4/2/97), 691 So.2d 864; State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied, 521 So.2d 1143 (La. 1988).
In this case, the record reflects inadequate compliance with La.C.Cr.P. art. 894.1. In fact, the record shows that the court, expressing an erroneous construction of Art. 894.1's mandate, stated that it was not required to articulate the considerations taken into account. The only individualized factor listed by the court was the defendant's prior record. The court gave no consideration to the defendant's personal history or to the likelihood of the defendant's rehabilitation. At the original sentencing, the court indicated that it had examined a PSI, but no presentence investigation was included in this record. The court merely stated:
I've studied this pre-sentence, this sentence disclosure report and the evidence. I've considered the evidence brought out at the trial of this case, the nature of this offense.
The court did not set forth in the record the factors from those sources which led it to impose the five-year sentence; there is simply no factual basis for the sentence. Accordingly, we vacate the defendant's sentence, direct the trial court to order a current pre-sentence investigation report and to comply with La.C.Cr.P. art. 894.1 during the defendant's re-sentencing hearing which is ordered to be conducted within sixty (60) days.
We hereby pretermit any discussion of the defendant's assertion that his sentence is constitutionally excessive. We note, however, that the current record contains several mitigating factors. Defendant was cooperative with both of the officers who stopped him. He made no attempt to conceal the firearm in his possession. These facts indicate that the defendant was genuinely unaware that his conduct was criminal. Finally, we note that defendant's mistake of law defense, inadequately proven at trial, may yet be established as an obviously *953 strong mitigating factor. At the sentence hearing, testimony from the defendant or other witnesses and other corroborating sources of evidence are permissible to establish his reliance upon the information contained in the Department of Correction's Verification of First Offender Pardon. Cf., State v. Caraway, 28,769 (La.App.2d Cir. 10/30/96), 682 So.2d 856; and State v. Cook, 598 So.2d 481 (La.App. 2d Cir.1992).

Conclusion
The defendant's conviction is affirmed and his sentence is vacated. The case is remanded for re-sentencing within sixty day of this ruling in accordance with the instructions of this opinion.
CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RE-SENTENCING.
GASKINS, J., concurs with reasons.
GASKINS, Judge, concurring.
I concur with the majority that the defendant should be remanded for re-sentencing, but I respectfully disagree with the majority's statements regarding the defense of mistake of law. I disagree that the automatic first offender's pardon could support a defense of mistake of law, were the defendant to affirmatively assert such a defense.
NOTES
[1] One additional assignment of error was neither briefed nor argued and is considered abandoned. U.R.C.A. Rule 2-12.4.