Mack Henry RICHARDSON

v.

FEDERAL BUREAU OF INVESTIGATION

No. CIV. A. NO. 00–1499.

United States District Court,
W.D. Louisiana,
Alexandria Division.

Oct. 20, 2000.

Mack Henry Richardson, Pineville, LA, Pro se.

John Robert Halliburton, U.S. Atty's Office, Shreveport, LA, for Federal Bureau of Investigation, Defendant.

### RULING

LITTLE, Chief Judge.

Before the court is defendant Federal Bureau of Investigation's (FBI's) motion to

dismiss plaintiff Mack Henry Richardson's complaint for failure to state a claim. Defendant's motion is granted.

### I.

In April 1999, Richardson went to Alexandria Pawn to redeem three firearms he pawned. The pawnshop contacted the National Instant Criminal Background Check System (NICS), a part of the FBI, to perform the required background check. The NICS report revealed Richardson was convicted of armed robbery on 11 June 1973 and of simple robbery on 12 March 1980. In light of this information, Richardson was not allowed to reacquire the weapons.

Richardson appealed the denial to NICS. He asserted, as he does now, that the Louisiana Constitution reinstates his civil rights, including the right to possess firearms. NICS determined that the constitutional provision, which went into effect on 1 January 1975, did not apply retroactively; Richardson's 1973 conviction was not affected. Richardson now brings suit against the FBI under 18 U.S.C. § 925A, which allows a person who was improperly denied a firearm to file an action directing that the transfer in question be approved, and 5 U.S.C. 552, which allows an individual to sue an agency that maintains inaccurate records concerning him.[1]

### II.

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.Civ.P. 8(a)(2). When a district court considers a motion to dismiss for failure to state a claim, under Rule 12(b)(6), Fed. R.Civ.P., the court must take the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff. *See Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir.1993). If it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief, the complaint should be dismissed. *See Leffall v. Dallas Indep. Sch. Dist.,* 28 F.3d 521, 524 (5th Cir.1994); *Fernandez–Montes,* 987 F.2d at 285.

### III.

#### A.

■ 18 U.S.C. § 925A allows a person improperly denied a firearm due to a NICS error, or who was not prohibited from firearm possession under 18 U.S.C. § 922(g) or (n), to sue the United States for an order directing that the error be corrected or that the transfer of the weapon be approved. Richardson does not allege that NICS provided incorrect information, although he does claim the information was incomplete.[2] Rather, he argues he is entitled to own firearms.

Section 922(g)(1) prohibits firearm possession by people convicted of a crime punishable by imprisonment for more than one year. *See* 18 U.S.C. § 922(g)(1). Section 921(a)(2) provides that the law of the jurisdiction in which the proceedings occurred determines whether a person was convicted. If the person subsequently was pardoned or had his civil rights restored, he is not considered to have been convicted, unless the pardon expressly provides that he may not keep firearms. *See* 18 U.S.C. § 921(a)(2).

Article I, section 20 of the Louisiana Constitution provides that "[f]ull rights of citizenship shall be restored upon termination of state and federal supervision following conviction for any offense". La.

---

1. Richardson also vaguely alleges that his property was taken without due process and that his right to possess firearms was impaired. These allegations are without merit, particularly in light of the problems Richardson's other claims.

2. Richardson claims the NICS records should have included his discharge dates, not just his conviction dates, his birthdate, his birthplace, and a physical description. This information is not relevant to Richardson's eligibility to own a firearm.

Const. art. I, § 20. This provision is a restoration of civil rights recognized under 18 U.S.C. § 922(g). *See United States v. Dupaquier,* 74 F.3d 615, 618 (5th Cir. 1996).

[2] Section 20 was ratified in 1974, and went into effect on 1 January 1975. It does not apply retroactively, that is, convictions that occurred before the provision's effective date are not affected. *See* La. Const. art. XIV, § 23 (criminal liabilities existing prior to effective date of constitution are not affected by it); *id.* art. XIV, § 26 (constitution is not retroactively effective, except as specified); *Williams v. La. Bd. of Alcoholic Beverages,* 317 So.2d 247, 248 (La.App.1975) (new constitution did not restore rights of individual with 1974 felony conviction, who attempted to obtain a liquor license).

Richardson's first conviction occurred in 1973, prior to the effective date of the new constitution. Therefore, article I, section 20 does not restore his rights. Richardson has not stated a basis upon which he can properly be allowed to possess weapons, in spite of his felony convictions. NICS properly denied him the ability to repurchase the guns. The dates of Richardson's release from custody are not relevant to the determination; the 1973 conviction date alone supports the denial.

**B.**

[3] Richardson also alleges Louisiana Revised Statutes section 14.95.1 allows him to possess firearms. Section 14.95.1 makes it a crime for a convicted felon to possess a firearm, unless more than ten years have passed since his sentence, probation, or parole ended. According to *United States v. Dupaquier,* section 14:95.1 may prevent a person from obtaining a gun even if he is otherwise eligible under article I, section 20. *See Dupaquier,* 74 F.3d at 619.

If Richardson qualified for a pardon under Article I, section 20, the statute would not be a bar to his possession of a gun. However, section 14:95.1 is a criminal stat-

ute. It does not affirmatively grant Richardson the right to own a gun, in the absence of a broader pardon or return of civil rights, and does not eliminate Richardson's conviction for purposes of 18 U.S.C. § 922(g).

**C.**

[4] Finally, Richardson alleges the FBI violated his rights under the Privacy Act, which allows an individual subject to an adverse decision due to inaccurate agency recordkeeping to bring a civil action against the agency. *See* 5 U.S.C. § 552a(g)(1)(C). NICS is exempted from the Privacy Act. *See* 5 U.S.C. § 552a(j)(2); Exemption of Federal Bureau of Investigation Systems—Limited Access, 28 C.F.R. § 16.96(p)(1) (2000).

**IV.**

We conclude that plaintiff Richardson fails to state a claim upon which relief may be granted. Article I, section 20 of the Louisiana Constitution does not apply to his 1973 conviction. Section 14:95.1 of the Louisiana Revised Statutes does not affirmatively excuse his felonies. The Privacy Act does not apply to NICS. NICS properly determined that Richardson is not allowed to own a firearm. Accordingly, his complaint is dismissed.

***JUDGMENT***

For written reasons given this date, defendant's motion to dismiss plaintiff's complaint under Rule 12(b)(6), Fed.R.Civ.P., is granted. Plaintiff's complaint is dismissed.