366 So.2d 1355 (1978)
STATE of Louisiana
v.
Michael S. LEWIS.
No. 62562.
Supreme Court of Louisiana.
December 15, 1978.
Michael S. O'Brien, Student Practitioner, Loyola Law School Clinic, William J. O'Hara, III, New Orleans, Supervising Atty., for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Madeline Hebert, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
*1356 TATE, Justice.
The defendant pleaded guilty to attempted armed robbery, La.R.S. 14:27, 64, and was sentenced, as a second offender, La. R.S. 15:529.1, to a sentence of 25 years at hard labor.
The principal issue presented by his appeal is raised by his Assignments of Error 1 and 2. They complain of the trial court's refusal to permit him to withdraw his plea of guilty. The defendant principally contends that his plea was not knowing because he was not aware of the enhanced sentence which might result from his multiple-offender status.
Context Facts
The defendant pleaded guilty to the attempted armed robbery charges, with the understanding that he would receive a sentence of between three and ten years, depending on what his pre-sentence investigation report showed. However, by consultations between his attorney and himself, he also had been informed that this potential sentence assumed that he had not been convicted of a prior felony.
The trial court had made no commitment with regard to any enhanced sentence which might result if the accused was in fact a multiple offender. The policy of the prosecutor in the parish, as reflected by the record, is to multiple-bill defendants who are subject to enhanced sentences because of prior felony convictions.
When the pre-sentence report revealed three prior convictions, the court so informed the defendant at the time of original sentencing. The colloquy noted a 1971 conviction of forgery (with 18 months suspended sentence), a 1972 conviction of unauthorized use of a vehicle (with thirty-six months suspended sentence), and a 1976 Louisiana conviction of "felony theft" (which resulted in imprisonment at a parish farm for one year).
At this sentencing hearing, the defendant contended that the Louisiana conviction was for a misdemeanor ("unauthorized use"). The prosecutor stated that the state had obtained confirmation that the conviction was for a felony. The trial court informed the accused that, if the conviction was for a felony the accused could be multiple billed as a multiple offender; but if it were for a misdemeanor, his punishment could not be enhanced thereby.
The defendant then moved to withdraw his guilty plea. The trial court denied the motion, stating that the only reason the accused wished to do so was that the court had found out that he was a multiple offender and thus might be sentenced as a multiple offender to a minimum sentence of 162/3 years. The court sentenced the accused to ten years imprisonment at hard labor.
The state then billed him as a second-offender. Overruling the accused's motion to quash the multiple-offender bill and his reiterated motion to withdraw his plea of guilty (upon which an evidentiary hearing was given), the trial court vacated the previous ten-year sentence and re-sentenced the defendant to twenty-five years.
The Withdrawal of the Guilty Plea
The defendant's motion to withdraw his plea of guilty raises two principal contentions: (1) that the plea of guilty was not an informed and willing one, because the accused was not made fully aware of the multiple-offender consequences of his plea at the time of the Boykin examination when his plea was taken; and (2) that his plea was not knowing and voluntary, because he had entered it under the mistake of fact that his 1976 conviction was for a misdemeanor (instead of for a felony) and thus did not subject him to the possibility of a sentence enhanced beyond the ten years agreed upon if it was a first offense.
As to (1), there is no requirement that the trial judge formally inform an accused prior to his plea of guilty of all of the possible consequences of his plea, in addition to the rights specifically waived by the plea and the potential length of the sentence to be imposed. State v. Jackson, 362 So.2d 1082 (La.1978); State v. Hoffman, 345 So.2d 1 (La.1977). However, if *1357 the defendant is misled as to the length of his sentence or as to the intended institution of multiple-offender proceedings after his plea, then his plea should be vacated upon appropriate motion filed by him. State ex rel. Clark v. Marullo, 352 So.2d 223 (La.1977); State v. Baudoin, 334 So.2d 186 (La.1976).
Here, in fact, through his attorney the accused was totally aware that he could be sentenced as a multiple offender if any one of his prior convictions was for a felony. His plea of guilty is not invalidated because the trial court did not formally so inform him at the time his plea was taken.
As to (2)his contention that his plea was not voluntary and informed because made under a mistake of fact, a closer issue is presented.
At the evidentiary hearing, the accused and his former attorney confirmed the accused's statement to the trial court at the time of sentencing: that the accused had disclosed to his counsel the 1976 conviction and had discussed its possible effect with regard to multiple-offender enhanced punishment. In the pre-plea discussion with his attorney, the accused had insisted that the sentence was for unauthorized use of a movable (a misdemeanor), the charge at the time he was arresteddespite counsel's pointing out to him that the 18-month sentence received indicated a more substantial offense (since six months was the maximum for the misdemeanor).[1]
The evidence is open to the construction that the defendant genuinely believed that the 1976 conviction was for a misdemeanor rather than a theft. On the other hand, it is also open to the construction that the accused hoped that the felony nature of the crime for which convicted (the F.B.I. rap sheet showed only that he had been arrested for a misdemeanor at the time) would be overlooked, despite his own undisclosed knowledge of its true classification.
In either event, we are convinced that the accused was fully aware of the possibility that his 1976 conviction might be characterizable as a felony, even though he insisted to his attorney that it was for a misdemeanor when his attorney questioned this assumption. Nevertheless, the accused adamantly refused to acknowledge this questionability of the misdemeanor nature of the conviction (or at least to secure definite verification before entering the plea), until at the sentencing hearing he was informed that the state and trial court had indeed learned of this prior felony.
We are unwilling to hold that this self-maintained certainty, if genuine, must have the effect of making his plea of guilty uninformed or involuntary. We cannot say, under all of the circumstances, that the trial court was arbitrary or abused its discretion when it refused to allow the defendant to withdraw his plea of guilty as authorized by La.C.Cr.P. art. 559. See, e. g., State v. Andrasi, 343 So.2d 175 (La.1977); State v. McKay, 324 So.2d 363 (La.1976). The mere circumstance that a defendant is dissatisfied with the sentence he is to receive, after he has entered an informed plea of guilty, is an insufficient basis upon which to hold that a trial court has abused its discretion by refusing to permit him to withdraw the plea. State v. Robinson, 311 So.2d 893 (La.1975).
Other Assignment
By Assignment 3, the defendant further argues that his motion to quash the bill of information in the second-offender proceeding should have been sustained. He notes that the present offense was committed after he was discharged from the sentence *1358 for his 1976 Louisiana conviction. He contends that, therefore, as a first offender he was automatically pardoned for it (and that it is thus no longer a prior conviction) by virtue of the provision of Art. 4, Section 5(E)(1) to such effect.
In State v. Adams, 355 So.2d 917 (La. 1978), we rejected an identical contention. Examining the constitutional debates and the related constitutional provision of Art. 1, Section 20, we found that the constitutional intent was only to save a first offender from appearing before the pardon board to secure restoration of his basic rights of citizenship. The constitutional provision was not intended to restore the status of innocence, nor to affect the use of the prior conviction for purposes of enhanced sentence as a multiple offender upon subsequent convictions.

Decree
Accordingly, we affirm the conviction and sentence.
AFFIRMED.
NOTES
[1] The former attorney testified, p. 2, May 9, 1978: "* * * he [the accused] was not certain of what his sentence had been, he said 18 months, but he did not serve it, and it could have been a situation which we see here commonly: say, the defendant might have been given six months suspended and 18 months probation with the condition that he do a certain amount of time, it could have been that way. At no time was I ever convinced that the defendant had a felony record, I was convinced of the possibility of it, and [in my opinion] the defendant was convinced at all times that he had not been convicted of a felony * * *." (Italics ours.)