754 So.2d 408 (2000)
STATE of Louisiana, Appellee,
v.
Mardrick WEST, Appellant.
No. 33,133-KW.
Court of Appeal of Louisiana, Second Circuit.
March 1, 2000.
*409 David R. McClatchey, Shreveport, Counsel for Appellant.
Richard P. Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, Brian L. King, Asst. Dist. Atty., Counsel for Appellee.
Before NORRIS, C.J., and WILLIAMS and DREW, JJ.
WILLIAMS, Judge
This pretrial writ application seeks to invoke our supervisory power to overrule the trial court's denial of the state's motion to prohibit the defendant's mistake of law defense at trial. Finding merit to the state's argument, we hereby reverse the trial court's ruling and remand the case for further proceedings.

FACTS AND PROCEDURAL HISTORY
On February 21, 1999, the defendant's brother, Marshall Jackson, III, was driving the defendant's vehicle on Highway 80 in Greenwood, Louisiana when he was stopped by officers with the Greenwood Police Department for a traffic violation. Upon searching the vehicle, police officers discovered a loaded nine millimeter clip in the glove compartment. Jackson informed the officers that he did not own a gun, but his brother owned a gun. The officers followed Jackson to his residence and Jackson gave the officers consent to search the residence. Upon entering the residence, the officers discovered the defendant asleep in a bedroom. According to the officers, they noticed a 9 mm handgun, in plain view, between the mattresses on the bed. The defendant admitted that he owned the gun. The defendant was arrested and charged by bill of information with possession of a firearm by a convicted felon.[1]
Relying on a letter entitled "Verification of First Offender Pardon" from the Department of Public Safety and Corrections and this court's decision in State v. Riser, 30,201 (La.App.2d Cir.12/12/97), 704 So.2d 946, the defendant filed a notice of affirmative defense of mistake of law. The defendant submitted accompanying documents into the record which revealed that he had received a letter from the Department of Public Safety and Corrections informing him that he had been "fully pardoned of the offense ... and that all rights of citizenship and franchise had been restored in Louisiana." The state filed a motion to prohibit the mistake of law defense, arguing that State v. Riser, supra, erred in stating that a mistake of law defense could be proven based in part on the first offender letter from the Department of Corrections. The trial court denied the state's motion to prohibit the defendant's mistake of law defense. Thereafter, the state filed an application for supervisory writ with *410 this court seeking appellate review of the trial court's ruling.

DISCUSSION
The state contends the affirmative defense of mistake of law cannot be presented to a jury based on the letter that the defendant received from the Department of Public Safety and Corrections. On the other hand, the defendant maintained that he should be allowed to present evidence to support his contention that, at the time of the instant offense, he sincerely believed that he had a legal right to possess a firearm.
La. Const. art. 1 § 20 provides that full rights of citizenship shall be restored upon termination of state and federal supervision following conviction for any offense. The automatic first offender pardon letter upon which the defendant bases his affirmative defense is authorized by La. Const. art. 4, § 5(E)(1), and implemented by LSA-R.S. 15:572(B), which provide that a first offender never previously convicted of a felony shall be pardoned automatically upon completion of his sentence, without recommendation of the Board of Pardons and without action by the governor.
LSA-R.S. 15:572 provides in pertinent part:
D. On the day that an individual completes his sentence the Division of Probation and Parole of the Department of Corrections, after satisfying itself that (1) the individual is a first offender as defined herein and (2) the individual has completed his sentence shall issue a certificate recognizing and proclaiming that the petitioner is fully pardoned for the offense, and that he has all rights of citizenship and franchise, and shall transmit a copy of the certificate to the individual and to the clerk of court in and for the parish where the conviction occurred. This copy shall be filed in the record of the proceedings in which the conviction was obtained. However, once an automatic pardon is granted under the provisions of this Section, the individual who received such pardon shall not be entitled to receive another automatic pardon.
In spite of LSA-R.S. 15:572, the legislature enacted LSA-R.S. 14:95.1, which provides in pertinent part:
A. It is unlawful for any person who has been convicted of a crime of violence as defined in R.S. 14:2(13) which is a felony or simple burglary, burglary of a pharmacy, burglary of an inhabited dwelling, unauthorized entry of an inhabited dwelling, felony illegal use of weapons or dangerous instrumentalities, manufacture or possession of a delayed action incendiary device, manufacture or possession of a bomb, or any violation of the Uniform Controlled Dangerous Substances Law which is a felony, or any crime defined as an attempt to commit one of the above enumerated offenses under the laws of this state, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which, if committed in this state, would be one of the above enumerated crimes, to possess a firearm or carry a concealed weapon.
In State v. Amos, 343 So.2d 166 (La.1977), the Louisiana Supreme Court held that the restoration of "all rights of citizenship" upon completion of supervision following a felony conviction did not include the right to possess firearms in contravention of LSA-R.S. 14:95.1. Thereafter, in State v. Wiggins, 432 So.2d 234 (La.1983), the Louisiana Supreme Court held that the prohibition of LSA-R.S. 14:95.1 applied to persons granted the automatic first offender pardon, reasoning that the "automatic pardon did not erase [defendant's] status as a convicted felon."
We are required to follow the mandate of our supreme court. Consequently, we decline to follow State v. Riser, supra, insofar as it concluded that the Department of Corrections' letter could return a convicted felon to the status of innocent or *411 serve as the proof of a mistake of law defense.
In the instant case, the defendant argued that because LSA-R.S. 14:95.1 and LSA-R.S. 15:572 are conflicting and misleading, the mistake of law defense is applicable to his case. In order to convict the defendant under the provisions of LSA-R.S. 14:95.1, the state must prove beyond a reasonable doubt that: (1) the defendant possessed a firearm; (2) the defendant had previously been convicted of an enumerated felony; (3) at the time of the present offense the ten-year statutory period had not elapsed from completion or suspension of the prior felony; and (4) the defendant had the general intent to commit the present offense.
Ignorance of the provisions of the criminal code or any criminal statute is not a defense to any criminal prosecution. However, pursuant to LSA-R.S. 14:17, mistake of law which results in the lack of an intention that consequences which are criminal shall follow, is a defense to a criminal prosecution under the following circumstances:
(1) Where the offender reasonably relied on the act of the legislature in repealing an existing criminal provision, or in otherwise purporting to make the offender's conduct lawful; or
(2) Where the offender reasonably relied on a final judgment of a competent court of last resort that a provision making the conduct in question criminal was unconstitutional.
In purchasing his handgun, the defendant relied on his compliance with the Brady Bill and the letter of "Verification of First Offender Pardon" from the Department of Public Safety and Corrections. However, the state agency's letter failed to specifically identify exactly which rights and/or privileges had been restored.
The defendant has not set forth facts sufficient to sustain a defense of mistake of law. In order for the defendant to assert this affirmative defense, he must prove that he reasonably relied on the act of the legislature in repealing an existing criminal provision, or in otherwise purporting to make the offender's conduct lawful, or that he relied on a final judgment of a competent court of last resort that a provision making the conduct in question criminal was unconstitutional.
The only acts of the legislature at issue here are LSA-R.S. 14:95.1, which criminalizes a defendant's conduct, and LSA-R.S. 15:572, which directs the Department of Corrections to inform the pardonee of his pardon and that his citizenship has been restored. LSA-R.S. 15:572 merely informs the pardonee of what has taken place by operation of law. The statute does not repeal an existing criminal provision, nor does it otherwise purport to make the offender's conduct lawful.
Contrary to the defendant's argument, these statutes are not conflicting, since LSA-R.S. 15:572(D) restores the rights of citizenship subject to the limitations of those rights imposed by LSA-R.S. 14:95.1. See State v. Wiggins, supra. The defendant's affirmative defense of mistake of law is based solely on his interpretation of a letter from a state agency. However, the letter from the Department of Corrections is not (1) an "act of the legislature" repealing an existing criminal statute; (2) an "act of the legislature" otherwise purporting to make the offender's conduct lawful; or (3) a "final judgment of a competent court of last resort" that a provision making the conduct in question criminal was unconstitutional.
Thus, the defendant has not established the availability of a defense under LSA-R.S. 14:17. As stated above, ignorance of the law is not a defense to any criminal prosecution. Consequently, we conclude that the district court erred in denying the state's motion to prohibit the defendant's mistake of law defense, and we hereby reverse that ruling.

*412 DECREE
For the foregoing reasons, we grant the state's writ application, reverse the trial court's ruling and remand the case to the district court for further proceedings consistent with this decision.
REVERSED AND REMANDED.
NOTES
[1] On June 23, 1992, the defendant was convicted of attempted possession of a controlled dangerous substance, a violation of LSA-R.S. 40:967(A)(1).