847 So.2d 53 (2003)
STATE of Louisiana
v.
Michael D. MOORE.
No. 03-16.
Court of Appeal of Louisiana, Third Circuit.
May 14, 2003.
Rehearing Denied June 25, 2003.
*54 Carla S. Sigler, Assistant District Attorney, Lake Charles, LA, for Appellant, State of Louisiana.
Matthew D. Henrich, Lake Charles, LA, for Appellee, Michael D. Moore.
Court composed of SYLVIA R. COOKS, MARC T. AMY, MICHAEL G. SULLIVAN, Judges.
COOKS, Judge.

STATEMENT OF THE CASE
On July 27, 1994, Michael D. Moore was charged by bill of information with one count of Aggravated Crime against Nature and one count of Indecent Behavior with a Juvenile. On November 15, 1994, he pled guilty to one count of Indecent Behavior with a Juvenile (La.R.S. 14:81) and was sentenced to serve five years. His sentence was suspended and he was placed on supervised probation for five years. A condition of Moore's probation required him to register as a sex offender in the parish of his residence under the sex offender registration and notification statute, La.R.S. 15:540 et seq.
Moore failed to register as a sex offender and the State filed a motion and order for a hearing to revoke his probation. Following a hearing, on October 2, 1999, Moore's probation was revoked by the trial court and he was ordered to serve his jail time in the Avoyelles Correctional Center. He sought a writ of review from the Third Circuit regarding his probation revocation. This court granted Moore's writ and made it peremptory. The Louisiana Supreme Court granted the State's writ of review and reversed the appellate decision, finding "the state presented more than adequate factual support showing that Moore violated a term of his probation by violating a law, La.C.Cr.P. art. 895(A); R.S. 15:542, and because Moore knew of the law." State v. Moore, 98-0262 (La.5/15/98); 719 So.2d 59.
On December 5, 1996, Moore filed a Uniform Application for Post Conviction Relief, which was denied by the trial court. He then filed another Uniform Application for Post Conviction Relief, which was also denied by the trial court. On October 30, 1997, Moore sought a writ of review with the Third Circuit. When his writ application was denied, he filed a writ application with the Louisiana Supreme Court. The Louisiana Supreme Court denied his request for relief.
Moore then filed a pro se application for a writ of habeas corpus with the United States District Court for the Western District of Louisiana. Moore argued Louisiana's neighborhood notification requirement, which was added by the legislature in 1995, after Moore's conviction, was a constitutionally prohibited ex post facto law. The district court held the sex offender neighborhood notification requirements do not constitute "punishment," and thus, do not violate the constitutional proscription against ex post facto laws and dismissed Moore's habeas corpus petition. The United States Fifth Circuit Court of Appeals affirmed the decision. Moore v. Avoyelles Correctional Center, 253 F.3d 870 (5 Cir. 6/25/01). The United States Supreme Court denied Moore's petition for writ of certiorari. Moore v. Baron Kaylo, *55 Warden, 534 U.S. 1008, 122 S.Ct. 492, 151 L.Ed.2d 404 (2001).[1]
In May 1999, Moore completed his term of incarceration in the Avoyelles Correctional Center and was released. Following his release from prison he did not register as a sex offender. On August 8, 2002, Moore was arrested by the Calcasieu Parish Sheriff's Office and charged with failure to register as a sex offender, a violation of La.R.S. 15:542(F)(1). Moore appeared in court without counsel and advised the trial court he obtained a pardon on the conviction for which he was ordered to register. The defendant later retained counsel, entered a plea of not guilty to the charges and requested a jury trial.
On September 20, 2002, the Defendant filed a pro se Motion to Quash the indictment on the basis he obtained an automatic first offender pardon under La.R.S. 15:572 and La. Const. art. IV, section (E)(1). On October 16, 2002, a hearing was held on The Defendant's Motion to Quash. The trial court found Indecent Behavior with a Juvenile is a crime which is covered by the automatic first offender pardon provision. He then found Moore served his term of incarceration; obtained an automatic pardon from the Department of Public Safety and Corrections; and, as a result, he is exempt from the ten year registration and notification mandate of the sex offender statute. The trial court relied on La.R.S. 15:542.1(H)(1) which provides in relevant part:
A person required to register under this Section as a sex offender or child predator shall register and maintain his registration pursuant to the provisions of this Section for a period of ten years after the date on which the person was released from prison, placed on parole, supervised release, or probation for a conviction giving rise to the requirement to register, unless the underlying conviction is reversed, set aside or vacated, or the offender is pardoned.

(Emphasis added.)
The trial court distinguished between those first time sex offenders who have served their term of imprisonment, parole or probation and those who were still on probation or parole. The court reasoned, a first time sex offender who served his term of imprisonment, probation or parole has completed his sentence, and is eligible for a first offender pardon. Once a pardon is obtained the sex offender is relieved of the ten year registration and notification requirement. The trial court stated:
[The sex offender registration and notification provisions] won't apply to a first offender who completes his sentence, but its going to apply to him while he's on parole, it's going to apply to him if he's on probation.... I think that Mr. Moore'sby the language of this statute, has beendoes have a first offender pardon for the offense and that based on what I've just analyzed, he's not covered by the requirement to register for 10 years following his conviction. Second offenders are going to be required to, and anybody else, but that's my ruling. So, I grant the Motion to Quash and I dismiss the bill of information.
*56 The State appeals the decision of the trial court. Two issues are presented for our review: first, whether a convicted first-time sex offender, who has served his term of incarceration, probation or parole, can obtain an automatic first offender pardon, and, thereby, avoid the mandatory ten year registration and notification requirements found in La.R.S. 15:540 et seq; and, second, since this case presents an issue of first impression in the state, whether Moore should be prosecuted for Failure to Register in violation of La.R.S. 15:542(F)(1).
We have examined the constitutional provision and the statutes in question and find Moore's pardon was not obtained in compliance with the terms of the automatic first offender provision and does not release him from his obligation to register. Therefore, for the reasons assigned below, we reverse the decision of the trial court.

LAW AND DISCUSSION

Louisiana's Sex Offender Registration and Notification Provisions
Louisiana's sex offender registration and notification provisions (Megan's Law), enacted in 1992, are found in La.R.S. 15:540 et seq. and apply to a "conviction for the perpetration or attempted perpetration of R.S. 14:78 (incest), R.S. 14:78.1 (aggravated incest), R.S. 14:89 (crime against nature), R.S. 14:89.1 (aggravated crime against nature), R.S. 14:92(A)(7) (contributing to the delinquency of juveniles), R.S. 14:93.5 (sexual battery of the infirm) or any provision of Subpart C of Part II or Subpart A(1) of Part V of Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950."[2] Moore's conviction for Indecent Behavior with a Juvenile falls within Subpart A(1) of Part V of Chapter 1 of Title 14.
The requirements of registration and notification under the statute apply to convicted sex offenders who have been "released from prison, placed on parole, supervised release, or probation."[3] The statute mandates the sex offender "shall, within twenty-one days of establishing residence in Louisiana, or if a current resident, within twenty-one days after conviction or release from confinement" register with the proper authorities.[4] "Any person required to register pursuant to this Section shall update his registration annually on the anniversary of the initial registration with the appropriate law enforcement official.... Such annual registration shall continue for the period of registration required under the provisions of 15:542.1(H)."[5] This provision mandates a convicted sex offender must register and maintain registration "for a period of ten years after the date on which the person was released from prison, placed on parole, supervised release, or probation."[6]
Without question, the two related provisions apply to defendants placed on probation or parole. When a sex offender has been placed on probation, "the court shall order the offender to register as a sex offender and to provide notification in accordance with the provisions of La.R.S. 15:540 et seq."[7] When the Department of Public Safety and Corrections determines "parole is permitted by law and the offender is otherwise eligible, and when the board releases an offender on parole, the *57 board shall order the offender to register as a sex offender and provide notification in accordance with the provisions of R.S. 15:540 et seq."[8] The failure by a sex offender to register and give notification is a separate felony for which he can be prosecuted.[9]
Although defendants placed on probation or released on parole are clearly required to register and give notice, Moore argues he is not required to comply with the provisions because he served his full term of incarceration. Since his release from prison was unconditional, Moore maintains he was entitled to a first offender pardon which now exempts him from complying with the registration and notification provisions. The trial judge found Moore's argument persuasive.
In addressing the propriety of the trial court's ruling, we first turn to consider the purpose which moved our State legislature to enact the sex offender registration and notification statutes. In 1992, Louisiana adopted sex offender registration and notification provisions.[10] The purpose for the statute is clearly expressed in La.R.S. 15:540 which provides in relevant part:
A. The legislature finds that sex offenders, sexually violent predators, and child predators often pose a high risk of engaging in sex offenses, and crimes against victims who are minors even after being released from incarceration or commitment and that protection of the public from sex offenders, sexually violent predators, and child predators is of paramount governmental interest ...
B. Therefore, this state's policy is to assist local law enforcement agencies' effort to protect their communities by requiring sex offenders, sexually violent predators, and child predators to register with state and local law enforcement agencies ... and to authorize the release of necessary and relevant information about sex offenders, sexually violent predators, and child predators to members of the general public as provided in this Chapter.
(Emphasis added)
The statutory provisions become operative upon conviction and its requirements become obligatory when the convicted sex offender has been "released from prison, placed on parole, supervised release, or probation." The legislature recognized "even after being released from incarceration or commitment" sex offenders "often pose a high risk of engaging in sex offenses, and crimes against victims who are minors." The provisions of the act do not distinguish between the terms of the release (probation, parole or completed term of incarceration). The requirement to register and give notice are triggered by the release of the sex offender into the community. It is at this point the requirement to register and give notice become essential for the protection of innocents. The burden of registration continues for a period *58 of ten years, which may extend well beyond the period of probation or parole. Continued monitoring of sex offenders for ten years by law enforcement officials, even after they have served their prison term, probationary period or been released from parole is deemed of "paramount governmental interest." In State ex rel. Olivieri v. State, XXXX-XXXX (La.2/21/01); 779 So.2d 735, the Louisiana Supreme Court recognized:
It is clear that the laws were enacted to protect communities, aid police in their investigation of sex offenders, and enable quick apprehension of sex offenders. These enactments were further founded on the finding of the Legislature that this legislation was of paramount governmental interest because:
(1) sex offenders pose a high risk of engaging in sex offenses, (2) sex offenders have a high incidence of recidivism, and (3) unless there was registration and community notification, sex offenders could remain hidden and thereby increase the risk to public safety.
Id. at pp. 19-20; 747.
We find, from the statute and legislative purpose, the requirements of registration and notification are an essential part of a convicted sex offender's sentence. He must fulfill these requirements before his sentence can be deemed "complete" and he is released from all supervision. The requirements are so essential, the statute provides once an individual is charged with a sex offense, the court must "provide written notification to any defendant charged with a sex offense of the registration requirements of R.S. 15:542. Such notice shall be included on any guilty plea forms and judgment and sentence forms provided to the defendant."[11] Failure to so inform an individual may be considered to be a factor that undercuts the voluntariness of the plea. See State v. Calhoun, 96-0786 (La.5/20/97); 694 So.2d 909; State v. Blanchard, 00-1147 (La.4/20/01); 786 So.2d 701, State v. Blaine Andre Williams, 02-0707 (La.App. 3 Cir. 3/5/03); 839 So.2d 1095.
The statute further provides a convicted sex offender is relieved of his obligation to register only if his "underlying conviction is reversed, set aside or vacated, or the offender is pardoned."[12] The trial court relied on this language in the statute to find an automatic first offender pardon relieves a convicted sex offender of his obligation to register.

Automatic First Offender Pardon
The automatic first offender pardon provision is found in Louisiana Constitution Article IV, 5(E) which provides in relevant part:
(1) The governor may grant reprieves to persons convicted of offenses against the state and, upon recommendation of the Board of Pardons, may commute sentences, pardon those convicted of offenses against the state, and remit fines and forfeitures imposed for such offenses. However, a first offender convicted of a non-violent crime, or convicted of aggravated battery, second degree battery, aggravated assault, mingling harmful substances, aggravated criminal damage to property, purse snatching, extortion, or illegal use of weapons or dangerous instrumentalities never previously convicted of a felony shall be pardoned automatically upon completion of his sentence, without a recommendation of the Board of Pardons and without action by the governor.
(Footnote omitted); (emphasis added).
Louisiana Revised Statute 15:572 provides in relevant part:

*59 B. A first offender never previously convicted of a felony shall be pardoned automatically upon completion of his sentence without a recommendation of the Board of Pardons and without action by the governor.
* * *
D. On the day that an individual completes his sentence the Division of Probation and Parole of the Department of Corrections, after satisfying itself that (1) the individual is a first offender as defined herein and (2) the individual has completed his sentence shall issue a certificate recognizing and proclaiming that the petitioner is fully pardoned for the offense, and that he has all rights of citizenship and franchise, and shall transmit a copy of the certificate to the individual and to the clerk of court in and for the parish where the conviction occurred. This copy shall be filed in the record of the proceedings in which the conviction was obtained. However, once an automatic pardon is granted under the provisions of this Section, the individual who received such pardon shall not be entitled to receive another automatic pardon.
E. Notwithstanding any provision herein contained to the contrary, any person receiving a pardon under the provisions of Subparagraph (1) of Paragraph (E) of Section 5 of Article IV of the Louisiana Constitution of 1974 and this Section may be charged and punished as a second or multiple offender as provided in R.S. 15:529.1.
(Emphasis added.)
In State v. Adams, 355 So.2d 917 (La. 1978), the Louisiana Supreme Court discussed the difference between a gubernatorial pardon and an automatic first offender pardon and found an automatic first offender pardon is not equivalent to a full gubernatorial pardon. Discussing the effect of a gubernatorial pardon the court stated:
In State v. Lee, supra, we stated that "... the [gubernatorial] pardon restores the original status of the pardoned individual, i.e., a status of innocence of crime." 171 La. 744 at 746, 132 So. 219 at 219 (1931). We also quoted with approval a statement made by the United States Supreme Court in Ex Parte Garland, 71 U.S. 333, 380, 18 L.Ed. 366 (1866), that "... when the pardon is full, it releases the punishment and blots out of existence the guilt, so that in the eye of the law the offender is as innocent as if he had never committed the offense." 171 La. at 747, 132 So. at 220.
Id. at 922.
However, a first offender pardon is a different sort of pardon all together. In Adams, the Louisiana Supreme Court held the automatic first offender pardon did not preclude use of a first conviction in a later habitual offender proceeding. Additionally, In State v. Lewis, 366 So.2d 1355, the Louisiana Supreme Court discussed the automatic first offender pardon, stating:
Examining the constitutional debates and the related constitutional provision of Art. 1, Section 20, we found that the constitutional intent was only to save a first offender from appearing before the pardon board to secure restoration of his basic rights of citizenship. The constitutional provision was not intended to restore the status of innocence, nor to affect the use of the prior conviction for purposes of enhanced sentence as a multiple offender upon subsequent convictions.
Id. at 1358.
A gubernatorial pardon returns the defendant to the status of innocence while a first offender pardon is only for the restoration *60 of the basic rights of citizenship. Naturally, if an individual obtains a full gubernatorial pardon, and is returned to the status of innocence, the requirements of the statute no longer apply to him. The same result occurs if the individual's sentence is reversed, vacated or set aside. It is undisputed Moore does not have a gubernatorial pardon only a first offender pardon.

Criteria for Obtaining an Automatic First Offender Pardon
To obtain a first offender pardon the defendant must establish: (1) the crime is non-violent or one specifically enumerated in the constitutional provision; (2) the defendant has never been previously convicted of a felony; and (3) the defendant has completed his sentence.
In this case, the record indicates Moore has never been previously convicted of a felony and Indecent Behavior with a Juvenile is designated as a non-violent crime. However, we find Moore has failed to satisfy the third requirement of the first offender pardon statute. He has not completed his sentence. Moore, as a convicted sex offender, was required to register as an essential part of his sentence. Only after compliance with the ten year registration provision can his sentence be deemed "complete" and only then may he obtain an automatic first offender pardon. The ten year registration requirement is, by operation of law, an essential part of his sentence. He was fully informed of this condition at every critical stage of the sentencing process and provided with written notice of the registration and notice requirements. The automatic first offender pardon certificate Moore obtained from the Department of Public Safety and Corrections can have no more validity than the Department had authority to give it. We are satisfied the pardon Moore received was not obtained in compliance with provisions of La.R.S. 15:572 and La. Const. art. IV, section 5(E) and does not release him from the requirements of his sentence to register and give notice under the statute.
Moore argues if the legislature had intended for Indecent Behavior with a Juvenile to be exempt from the first offender pardon statute, they could have excluded it from the list of enumerated crimes. We find the legislature did not necessarily intend that a first time sex offender, having fulfilled all of the requirements of his sentence, be forever barred from restoring his basic rights of citizenship. Once the defendant has "completed his sentence " he may obtain a first offender pardon to restore the rights granted by the automatic pardon.
Moore argues that the sex offender statute does not distinguish between first offender pardons and gubernatorial pardons and the legislature must have intended for a first offender pardon to be a "pardon" within the meaning of the sex offender statute. It is not necessary for the legislature to distinguish between the two types of pardons. A first offender pardon, by its terms, is not available to a sex offender until he has "completed his sentence," which cannot be accomplished unless and until the registration and notice requirements are met. Therefore, we conclude, the "pardon" which appears in the sex offender registration statute means a gubernatorial pardon. We do not believe the legislature intended to allow convicted sex offenders, who may represent a real and present danger to the unsuspecting public, to circumvent the registration requirements by obtaining an automatic first offender pardon. Interpreting the statute as Moore suggests, would exempt first time sex offenders, who have served their term of incarceration, probation or parole, and whose crime is not listed as violent *61 under La.R.S. 15:572 and La. Const. art. IV, Section 5(E), from the registration provisions. Using the trial court's reasoning, first time sex offenders convicted of the following crimes could obtain an automatic pardon and be exempt from registration: La.R.S. 14:78 incest; La.R.S. 14:78.1 aggravated incest; La.R.S. 14:89 crime against nature; La.R.S. 14:92(A)(7) contributing to the delinquency of juvenile; La.R.S. 14:93.5 sexual battery of the infirm; La.R.S. 14:43.3 oral sexual battery; La.R.S. 14:80 felony carnal knowledge of a juvenile; La.R.S. 14:81 Indecent behavior with juveniles; La.R.S. 14:81.1 Pornography involving juveniles; La.R.S. 14:81.2 Molestation of a juvenile. Clearly, this was not the intent of the legislature and we find the trial judge erred in so reading the statute to allow this result. Moore's pardon was not obtained in compliance with the terms of the automatic first offender provision and does not relieve him of his obligation to register and give notice.

Moore's Prosecution for Failure to Register as a Sex Offender
Moore was arrested by the Calcasieu Parish Sheriff's Office and charged with failure to register as a sex offender under La.R.S. 15:542(F)(1). Violation of this statute is a felony and carries a fine "not more than one thousand dollars or imprisonment with or without hard labor for not less than one year nor more than five years, or both." Moore did not register as required because he relied on the automatic first offender pardon he obtained from the Department of Public Safety and Corrections. He claims he mistakenly believed this pardon released him from his obligation to register. The trial judge agreed with Moore's interpretation.
However, prior jurisprudence clearly held the automatic first offender pardon is very limited in its scope and effect. For example, a first offender pardon does not preclude the consideration of a first felony conviction when adjudicating a person as a habitual offender, State v. Adams, 355 So.2d 917 (La.1978); does not prevent a person from being convicted of unlawful possession of a weapon on the basis of the first felony conviction, State v. Wiggins, 432 So.2d 234 (La.1983); does not alter the prohibition against certain sentence suspensions, State v. Derouin, 00-01150 (La. App. 3 Cir. 01/31/01); 778 So.2d 1186; does not automatically restore one's right to hold public office, Cook v. Skipper, 99-1448 (La.App. 3 Cir. 9/27/99); 749 So.2d 6; does not prevent the state nursing board from denying a nursing student's application to take the registered nurse's exam on the basis of a felony conviction, Davis v. State Board of Nursing, 96-0805 (La.App. 1 Cir. 2/14/97); 691 So.2d 170; writ denied, 97-0689 (La.4/25/97); 692 So.2d 1094; and does not prevent the denial of professional licenses to persons with first offender pardons including real estate and liquor licenses. La.Atty. Gen.Op. No. 83-805, Eicher v. Louisiana State Police, Riverboat Gaming Enforcement Division, 97-0121 (La.App. 1 Cir. 2/20/98); 710 So.2d 799, writ denied, 98-0780 (La.5/8/98); 719 So.2d 51.
Given the jurisprudential restrictions on the legal effect of the automatic first offender pardon, it may have been imprudent for Moore to rely on that pardon to justify his decision to ignore his mandatory obligation to register and give notice under the sex offender statute.
On the other hand, we note, State v. Riser, 30-201 (La.App. 2 Cir. 12/12/97); 704 So.2d 946 and State v. West, 33,133 (La.App. 2 Cir. 3/1/00); 754 So.2d 408, two second circuit cases addressing the mistake of law defense in situations when a *62 defendant has received a first offender pardon.
In Riser, the Defendant was charged with possession of a firearm by a convicted felon. At trial, the Defendant introduced the certificate from the Department of Public Safety and Corrections granting a first offender pardon. The Defendant claimed the pardon vitiated the criminal intent necessary to convict him of the crime of possession of a firearm. Further, he argued the jury improperly ignored evidence that he reasonably relied on the language of the automatic first offender pardon. With regard to the mistake of law defense the appellate court stated:
Based on the language of La.R.S. 14:17(1) and in view of the labored jurisprudential distinctions regarding "pardon" as that term is twice expressed, without elaboration, in Art. 4, § 5(E)(1), a mistake of law defense might be proven in this instance. A first offender, who receives a formal notice from a state agency expressing the substance of La. R.S. 15:572 D's restoration of "all rights of citizenship and franchise" and using the constitutional term "pardon," may reasonably rely upon those legislative and constitutional expressions and conclude that he may possess a firearm like other citizens.
Id. at p. 8; 951.
However, State v. West, supra, declined to follow the reasoning in Riser. In West, the Defendant was charged by bill of information with possession of a firearm by a convicted felon. The Defendant relied on the automatic first offender pardon certificate he received from the Department of Public Safety and Corrections in asserting the affirmative defense of mistake of law found in La.R.S. 14:17 which provides in relevant part:
Ignorance of the provision of this Code or of any criminal statute is not a defense to any criminal prosecution. However, mistake of law which results in the lack of intention that consequences which are criminal shall follow, is a defense to a criminal prosecution under the following circumstances:
(1) Where the offender reasonably relied on the act of the legislature in repealing an existing criminal provision, or in otherwise purporting to make the offender's conduct lawful; or
(2) Where the offender reasonably relied on a final judgment of a competent court of last resort that a provision making the conduct in question criminal was unconstitutional.
The trial court denied the State's motion to prohibit the Defendant from raising the defense of mistake of law. The appellate court reversed, stating:
The defendant has not set forth facts sufficient to sustain a defense of mistake of law. In order for the defendant to assert this affirmative defense, he must prove that he reasonably relied on the act of the legislature in repealing an existing criminal provision, or in otherwise purporting to make the offender's conduct lawful, or that he relied on a final judgment of a competent court of last resort that a provision making the conduct in question criminal was unconstitutional.
The only acts of the legislature at issue here are LSA-R.S. 14:95.1, which criminalizes a defendant's conduct, and LSA-R.S. 15:572, which directs the Department of Corrections to inform the pardonee of his pardon and that his citizenship has been restored. LSA-R.S. 15:572 merely informs the pardonee of what has taken place by operation of law. The statute does not repeal an existing criminal provision, nor does it otherwise purport to make the offender's conduct lawful.

*63 Contrary to the defendant's argument, these statutes are not conflicting, since LSA-R.S. 15:572(D) restores the rights of citizenship subject to the limitations of those rights imposed by LSA-R.S. 14:95.1. See State v. Wiggins, supra. The defendant's affirmative defense of mistake of law is based solely on his interpretation of a letter from a state agency.
Id. p. 4; 411.
In West and Riser, there existed a specific provision of law which prohibited convicted felons from possessing a firearm. Moore's case is slightly different. There is no specific provision requiring sex offenders, who received an automatic first offender pardon, to register.[13] In fact, the sex offender registration provision specifically exempts "pardoned" offenders from registration. The trial judge interpreted this "pardon" to mean an automatic first offender pardon. Prior jurisprudence notwithstanding, we must acknowledge considerable confusion still exists regarding the nature and extent of the "pardon exemption" found in the sex offender registration statute.
We do not decide today whether Moore has a valid defense of mistake of law on the underlying felony charge of Failure to Register nor do we address constitutional due process issues. Those issues are not presently before us and must be first raised at the district court level.

DECREE
Our decision today is limited in scope and addresses only whether a first time sex offender, who has served his term of incarceration, probation or parole, and who has obtained a first offender pardon, is exempt from the mandatory ten year registration and notification provisions of the sex offender statute. We think not. We reverse the trial judge's decision quashing the bill of information and remand the case to the district court for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] In Smith v. Doe, ___ U.S. ___, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003) the United States Supreme Court recently held Alaska's Sex Offender Registration Act did not violate the ex post facto clause because its provisions were part of a civil regulatory scheme and were nonpunitive in nature. Our state supreme court in State ex rel. Olivieri v. State of Louisiana, 00-0172 (La.2/21/01); 779 So.2d 735, held earlier Louisiana's sex offender registration and notification provisions did not violate the ex post facto clause because the legislation was enacted for purposes of public safety and not to punish convicted sex offenders.
[2] La.R.S. 15:541 (14.1).
[3] La.R.S. 15:542.1(H).
[4] La.R.S. 15:542(B).
[5] La.R.S. 15:542(C)(1).
[6] La.R.S. 15:542.1(H).
[7] La.Code Crim.P. art. 895(H)(1).
[8] La.R.S. 15:574.4(H)(2).
[9] La.R.S. 15:542(F)(1) provides: "A person who fails to register as required by this Section shall, upon first conviction, be fined not more than one thousand dollars or imprisoned with or without hard labor for not less than one year nor more than five years, or both."
[10] "In 1994, Congress passed the Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Act, title 17, 108 Stat.2038, as amended, 42 U.S.C. § 14071, which conditions certain federal law enforcement funding on the States' adoption of sex offender registration laws and sets minimum standards for state programs. By 1996, every State, the District of Columbia, and the Federal Government had enacted some variation of Megan's Law." Smith v. Doe, ___ U.S. ___, ___, 123 S.Ct. 1140, 1145, 155 L.Ed.2d 164 (2003).
[11] La.R.S. 15:543(A).
[12] La.R.S. 15:542.1(H)(1). (Emphasis added)
[13] Proposed Senate Bill No.480 would add the following provision to R.S. 15:572(B), the first offender pardon statute:

(2) No person convicted of a sex offense as defined in R.S. 15:541(14.1) or determined to be a sexually violent predator or a child predator under the provisions of R.S. 542.1 et seq. shall be exempt from the registration requirements of R.S. 542.1 et seq., as a result of a pardon under the provisions of this Subsection.
Additionally, proposed Senate Bill No. 480 would add the following language to La.R.S. 15:542.1(H), Duty to Register: "or the offender is pardoned by the governor of the state through his authority under the provisions of R.S. 15:572(A)." (Emphasis added). Since this bill is only a proposal, we need not address what impact, if any, it may have on our decision today or whether Moore would ultimately benefit from this language. We do take note of this Senate proposal only to illustrate the confusion which currently exists in reconciling the pardon provision in the sex offender registration statute with the automatic first offender pardon provision.