Dear Mr. Hill:
Your request for an Attorney General Opinion has been forwarded to me for research and reply.
In your request, you asked for clarification regarding whether convicted sex offenders who are released from incarceration, but not placed on supervised probation, must comply with the registration and notification requirements of the Louisiana Megan's Law, which was codified in LSA-R.S. 15:540, et. seq. For the reasons explained below, it is the opinion of this office that all convicted sex offenders must comply with the registration and notification requirements of the Louisiana Megan's Law.
Several states have adopted a form of the "Megan's Law," which requires convicted sex offenders to register the location of their address with law enforcement so that residents in that area may be notified that a convicted sex offender lives near them. In Louisiana, convicted sex offenders have twenty-one days from the date they establish a residence in Louisiana or twenty-one days after conviction or release from confinement to register with the appropriate law enforcement agency. See LSA-R.S. 15:542(B). This registration must be updated annually on the anniversary of the initial registration. See LSA-R.S. 15:542(C)(1). Also, all convicted sex offenders must send written notice of any changes in address. See LSA-R.S. 15:542(C)(2). All convicted sex offenders have a duty to register "for a period of ten years after the date on which the person was released from prison, placed on parole, supervised release, or probation for a conviction giving rise to the requirement to register." See
LSA-R.S. 15:542.1(H)(1). Convicted sex offenders who are deemed a "sexually violent predator" under LSA-R.S. 15:542.1 must register for life. See LSA-R.S. 15:542(H)(2).
According to LSA-R.S. 15:542(A), all convicted sex offenders living within Louisiana must register with law enforcement so that the community can be notified of their presence:
 Any adult residing in this state who has pled guilty to, has been convicted of, or where adjudication has been deferred or withheld for the perpetration or attempted perpetration of any sex offense and any juvenile who has been convicted of a sex offense as provided for in Children's Code Article 857 shall register with the sheriff of the parish of the person's residence and with the chief of police if the address of the residence is located in an incorporated area which has a police department. If the adult or juvenile resides in a parish with a population in excess of four hundred fifty thousand, he shall register with the police department of his municipality of residence.[1]
Because the statute states that any adult residing in thisstate who has been convicted of a sex offense must register with law enforcement, it does not appear that those who are released from incarceration and placed on unsupervised probation are exempt from this requirement.
Further, LSA-R.S. 15:542.1(C) states that an officer from the Department of Public Safety and Corrections is required to inform convicted sex offenders of their duty to register if that person is being released from prison or placed under parole, supervised release, or probation. See State v. Moore, 2003-16(La.App. 3 Cir. 5/14/03), 847 So. 2d 53, 56.[2] This statute regarding the duty to register does not differentiate between convicted sex offenders who are simply released from prison and those who are released from prison and placed under further supervision. Further, the statute does not differentiate between convicted offenders who are released from prison and placed on supervised or unsupervised probation. Thus, because this statute plainly states that a convicted sex offender who has been released from prison must be notified by an officer from the Department of Public Safety and Corrections, it may be reasonably inferred that convicted sex offenders released from incarceration have a duty to register regardless of whether they were placed on unsupervised probation at the time of their release.
If this office can be of further assistance, please do not hesitate to contact us.
Very truly yours,
CHARLES C. FOTI, JR., ATTORNEY GENERAL
BY:___________________________________ KRISTI DEASON HAGOOD ASSISTANT ATTORNEY GENERAL
[1] Louisiana Revised Statute 15:541(14.1) lists the following crimes as sex offenses: incest, aggravated incest, crime against nature, aggravated crime against nature, contributing to the delinquency of juveniles, sexual battery to the infirm, video voyeurism, a second or subsequent conviction for voyeurism, aggravated rape, forcible rape, simple rape, sexual battery, second degree sexual battery, oral sexual battery, intentional exposure of AIDS virus, felony carnal knowledge of a juvenile, misdemeanor carnal knowledge of a juvenile, indecent behavior with juveniles, pornography involving juveniles, and molestation of a juvenile. Further, LSA-R.S. 15:541(14.1) states that those convicted of similar sexual offenses in another state or under federal law are also required to register once they move to Louisiana.
[2] Louisiana Revised Statute 15:542.1(C) also states that if the sex offender was not placed in the jurisdictional custody of the Department of Public Safety and Corrections, the trial court has the duty to notify the convicted sex offender of this duty to register. See also La. C.Cr.P. art. 895(H)(1).