United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 3, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-31250
Summary Calendar

JAMES E. KIRSCHENHUNTER,

Plaintiff-Appellant,

versus

SHERIFF'S OFFICE, BEAUREGARD PARISH; LOUISIANA DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS; STATE OF LOUISIANA,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:04-CV-2448
--------------------

Before JONES, Chief Judge, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

James E. Kirschenhunter appeals the district court's

dismissal of his motion to enjoin the Louisiana Department of

Public Safety and Corrections and the Beauregard Parish Sheriff's

Office from requiring him to register with them as a sex offender

pursuant to La. R.S. 15:542.1(H)(3)(b).  Kirschenhunter contended

in the motion that application of the statute to him violated the

United States Constitution's Ex Post Facto and Contract Clauses.

Kirschenhunter argues on appeal that the district court did

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not fully consider the issues raised in his motion when it considered only the applicability to him of the community notification requirement contained in La. R.S. 15:542.1(L), rather than the entirety of La. R.S. 15:542.1, especially La. R.S. 15:542.1(A), which mandates that the section applies only to those committing certain offenses after July 1, 1997.  However, the district court considered La. R.S. 15:542.1(H)(3)(b)'s requirement that offenders register with the sheriff, rather than La. R.S. 15:542.1(L)'s community notification requirement.  As the district court determined, La. R.S. 15:542.1(H)(3)(b) is applicable to Kirschenhunter pursuant to La. R.S. 15:542(C), which does not limit the offenses to which it is applicable to those occurring after a certain date.  See La. R.S. 15:542. Kirschenhunter provides no facts or arguments indicating that La. R.S. 15:542.1 was applied directly to him, rather than pursuant to La. R.S. 15:542(C), or that any portions of La. R.S. 15:542.1 other than section H were applied to him.

To the extent Kirschenhunter is appealing the district court's determination that La. R.S. 15:542 's registration requirement does not violate the Ex Post Facto Clause, as Kirschenhunter concedes, this issue lacks merit.  See Moore v. Avoyelles Correctional Center, 253 F.3d 870, 872 (5th Cir. 2001); State ex rel Olivieri v. State, 779 So. 2d 735, 749-50 (La. 2001).  Kirschenhunter's first offender pardon does not relieve him of his duty to register.  See State v. Moore, 847 So. 2d 53,

63 (La. Ct. App. 2003). Accordingly, Kirschenhunter has not shown that the district court abused its discretion in deciding these issues. See Peaches Entertainment Corp. v. Entertainment Repertoire Assocs., Inc., 62 F.3d 690, 693 (5th Cir. 1995).

Kirschenhunter also argues that the district court did not consider his argument that application of the registration statute violates the Contract Clause. He contends that his plea agreement with the state was a contract that was completed upon his pardon and that the statute impairs this contract. The district court did not consider this argument in its opinion. However, because the argument is completely lacking in merit, the interests of judicial economy would best be served by not sending this case back to the district court for consideration of this issue. Kirschenhunter has not provided a copy of the plea agreement or indicated what provisions were violated by the statute. As Kirschenhunter was admonished at his plea hearing, the court was not bound to follow the plea agreement in sentencing Kirschenhunter. Furthermore, Kirschenhunter provides no facts or arguments indicating that the pardon constituted a contractual agreement between him and the state. See General Motors Corp. v. Romein, 503 U.S. 181, 186-87 (1992) (every Contract Clause analysis begins with the inquiry whether there is a contractual relationship regarding the matter that is the subject of state regulation).

Kirschenhunter also argues that there was a conspiracy to deprive him and another person whom he was assisting in a legal matter of their constitutional rights through threats and intimidation. However, because Kirschenhunter is raising this issue for the first time on appeal, this court will not consider it. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

AFFIRMED.