STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-115

STATE OF LOUISIANA

VERSUS

LOUIE VON COLE

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 335,323
HONORABLE MARY L. DOGGETT, DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of Sylvia R. Cooks, Shannon J. Gremillion, and Van H. Kyzar, Judges.

COOKS, Judge, dissents and assigns written reasons.

CONVICTIONS AFFIRMED; SENTENCES VACATED;
REMANDED FOR RESENTENCING AND INSTRUCTION.

**Annette Roach**
**Louisiana Appellate Project**
**P. O. Box 1747**
**Lake Charles, LA 70602-1747**
**(337) 436-2900**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Louie Von Cole**

**Phillip Terrell, Jr.**
**District Attorney, Ninth Judicial District Court**
**Catherine L. Davidson**
**Assistant District Attorney**
**P. O. Drawer 7358**
**Alexandria, La 71306-7358**
**(318) 473-6650**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**GREMILLION, Judge.**

On October 11, 2017, the State filed a bill of information charging Defendant, Louie Von Cole, with four counts of carnal knowledge of a juvenile in violation of La.R.S. 14:80. On August 2, 2018, the State amended the bill to adjust the relevant dates and to specify that there was an age difference of more than four years between Defendant and the victim. On August 7, 2018, Defendant filed a motion for a jury instruction notifying the jury of the potential sentence under La.R.S. 14:80 and the sex offender registration requirements of La.R.S. 15:544. The trial court denied the motion, and the jury ultimately convicted Defendant for the first two counts and acquitted him of the other two.

Subsequently, Defendant filed a motion for new trial, arguing that since his convictions required mandatory registration as a sex offender, the trial court erred by not informing the jury of the mandatory provision. The trial court denied the motion, Defendant waived sentencing delays, and the trial court sentenced him to concurrent seven-year terms. The trial court informed Defendant that he would have to register as a sex offender for fifteen years.

Defendant now appeals, assigning two errors.

> 1. The trial court erred in failing to instruct the jury of the mandatory requirement that, if convicted, Louie Von Cole would have to register as a sex offender and comply with the notification requirements for a period of fifteen years, thereby denying Appellant of his right to a fair trial as guaranteed to him by the Constitutions of both the United States and Louisiana.
>
> 2. The sentences imposed by the trial court are indeterminate.

For the following reasons, we affirm Defendant's convictions but vacate Defendant's sentences and remand for resentencing and instruction.

## FACTS

The victim, H.B., testified that in the summer of 2017, when she was sixteen years old, she had a sexual relationship with Defendant, who was thirty-seven years old. When questioned by police, Defendant admitted having sex with H.B. on two different occasions but claimed he ended the relationship when he found out she was only sixteen.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find that there is an error patent raised and discussed in Defendant's second assignment of error and an error patent concerning the time limitation for filing an application for post-conviction relief.

Defendant was advised at sentencing that he had "[two] years to file post-conviction applications." We find that the trial court failed to properly advise Defendant of the time limitation for filing an application for post-conviction relief. Louisiana Code of Criminal Procedure Article 930.8 provides that a defendant has two years *after the conviction and sentence become final* to seek post-conviction relief. Accordingly, on remand the trial court is instructed to inform Defendant of the provisions of La.Code Crim.P. art. 930.8 at resentencing.

## ASSIGNMENT OF ERROR NUMBER ONE

In his first assignment of error, Defendant argues that the trial court denied his right to a fair trial by refusing to instruct the jury that upon conviction, Defendant would have to register as a sex offender. He argues, as he did before the trial court, that the instruction should have been given because sex-offender registration is mandatory. Defendant quotes language from the supreme court:

2

The State and the defendant agree the applicable decision of this court with regard to the inclusion of sentencing ranges in arguments to the jury and jury instructions provides as follows:

> When the penalty imposed by the statute is a mandatory one, the trial judge must inform the jury of the penalty on request of the defendant and must permit the defense to argue the penalty to the jury. *State v. Hooks*, 421 So.2d 880 (La. 1982); *State v. Washington*, 367 So.2d 4 (La. 1978). In instances other than when a mandatory legislative penalty with no judicial discretion as to its imposition is required following verdict, the decision to permit or deny an instruction or argument on an offense's penalty is within the discretion of the trial judge. *State v. Williams*, 420 So.2d 1116 (La. 1982); *State v. Dawson*, 392 So.2d 445 (La. 1980); *State v. Carthan*, 377 So.2d 308 (La.1979); *State v. Blackwell*, 298 So.2d 798 (La. 1973) (on rehearing) . . . .

*State v. Jackson*, 450 So.2d 621, 633-34 (La. 1984).

*State v. Guidry*, 16-1412, pp. 2-3 (La. 3/15/17), 221 So.3d 815, 817. Having set forth the basic principle at issue, Defendant cites a case from this court to demonstrate that the principle applies in the present case:

> [W]e find Moore has failed to satisfy the third requirement of the first offender pardon statute. He has not completed his sentence. Moore, as a convicted sex offender, was required to register *as an essential part of his sentence*. Only after compliance with the ten year registration provision can his sentence be deemed "complete" and only then may he obtain an automatic first offender pardon. The ten year registration requirement is, *by operation of law, an essential part of his sentence*. He was fully informed of this condition at every critical stage of the sentencing process and provided with written notice of the registration and notice requirements. The automatic first offender pardon certificate Moore obtained from the Department of Public Safety and Corrections can have no more validity than the Department had authority to give it. We are satisfied the pardon Moore received was not obtained in compliance with provisions of La.R.S. 15:572 and La. Const. art. IV, section 5(E) and does not release him from the requirements of his sentence to register and give notice under the statute.

> Moore argues if the legislature had intended for Indecent Behavior with a Juvenile to be exempt from the first offender pardon statute, they could have excluded it from the list of enumerated crimes. We find the legislature did not necessarily intend that a first time sex offender, *having fulfilled all of the requirements of his sentence*, be forever barred from restoring his basic rights of citizenship. Once the

3

defendant has "*completed his sentence*" he may obtain a first offender pardon to restore the rights granted by the automatic pardon.

*State v. Moore*, 03-16, pp. 10-11 (La.App. 3 Cir. 5/14/03), 847 So.2d 53, 60, *writs denied*, 03-1480 (La. 12/12/03), 860 So.2d 1150, 04-2931 (La. 1/21/05), 893 So.2d 55 (emphasis added). It is clear that in *Moore*, this court treated sex-offender registration as part of the defendant's sentence. If mandatory registration is part of the penalty, it should have been part of the jury instruction, pursuant to *Guidry*.

However, much of the jurisprudence that has discussed sex offender registration has stated that such registration is not punitive. *State ex rel Olivieri v. State*, 00-172, 00-1767 (La. 2/21/01), 779 So.2d 735, *cert. denied*, 533 U.S. 936, 121 S.Ct. 2566 (2001), *and cert. denied*, 534 U.S. 892, 122 S.Ct. 208 (2001); *see also State v. I.C.S.*, 13-1023 (La. 7/1/14), 145 So.3d 350. "The registration and notification law is, however, a civil regulatory scheme that is intended to alert the public and law enforcement for purposes of public safety; it is not part of a sex offender's punishment." *State v. Cook*, 16-1518, pp. 7-8 (La. 5/3/17), 226 So.3d 387, 392. *Moore* did not discuss this jurisprudence, perhaps because in 2003 it was not so well-established. *Moore's* pronouncement that sex offender registration is "an essential part of [a defendant's] sentence" would appear to be problematic in light of the prevailing jurisprudence stating that sex offender registration and notification requirements are not punitive. *Moore*, 847 So.2d 53 at 58.

However, this potential anomaly need not be resolved in the present case, as *Moore* is cited by way of analogy and not as a case that is on point and thus controlling.

In light of the well-established principle that sex offender registration and notification requirements are non-punitive, they are not part of Defendant's punishment and do not constitute mandatory penalties for purposes of *Guidry* and

4

*Jackson*. The State also argues registration is not mandatory because some form of waiver is possible. This issue need not be addressed, as registration is not part of the sentence at all.

For the reasons discussed, the assignment lacks merit.

## ASSIGNMENT OF ERROR NUMBER TWO

In his second assignment of error, Defendant argues the sentences are indeterminate because the trial court did not state whether the sentences were to be served at hard labor. He acknowledges that the minutes indicate that the sentences are to be served at hard labor but notes that the transcript does not show that the trial court specified hard labor. As Defendant states, it is well-established that when such conflicts occur, the transcript prevails. The State responded that the record constitutes the best evidence of whether or not the sentences are determinate.

Under La.R.S. 14:80, sentences can be imposed with or without hard labor; further, La.Code Crim.P. art 879 requires courts to impose determinate sentences. Defendant cites the following language from the supreme court:

> A determinate sentence is required by La.Code Crim.P. art. 879 which states, "If a defendant who has been convicted of an offense is sentenced to imprisonment, the court shall impose a determinate sentence." The parties agree that the transcript does not show whether the court sentenced Defendant to hard labor. Pursuant to La.R.S. 14:32(C)(1), a sentence for negligent homicide may be either with or without hard labor. Since the district court did not specify, the sentence is indeterminate and should be vacated. Further, the case should be remanded for the district court to impose a determinate sentence. *State v. Mouton*, 12-836 (La.App. 3 Cir. 2/27/13), 129 So.3d 49, *writ denied*, 14-1891 (La. 9/11/15), 176 So.3d 415; *State v. Matthew*, 07-1326 (La.App. 3 Cir. 5/28/08), 983 So.2d 994, *writ denied*, 08-1664 (La. 4/24/09), 7 So.3d 1193.

*State v. Domingue*, 17-786, p. 9 (La.App. 3 Cir. 4/18/18) 244 So.3d 489, 496.

Pursuant to *Domingue*, Defendant's sentences are vacated, and the case remanded for the trial court to impose determinate sentences.

5

## DECREE

Defendant's convictions are affirmed. Defendant's sentences are vacated. This case is remanded with instruction that the trial court impose determinate sentences and inform Defendant of the provisions of La.Code Crim.P. art. 930.8 at the resentencing hearing..

**CONVICTIONS AFFIRMED; SENTENCES VACATED; REMANDED FOR RESENTENCING.**

STATE OF LOUISIANA

VERSUS

LOUIS VON COLE

**COOKS, J., dissents.**

I respectfully dissent from the majority opinion which concludes that the mandatory requirement to register as a sex offender is not punitive or part of Defendant's sentence. I acknowledge the Louisiana Supreme Court has stated "[t]he registration and notification law is, . . . a civil regulatory scheme that is intended to alert the public and law enforcement for purposes of public safety; it is not part of a sex offender's punishment." *State v. Cook*, 16-1518, pp. 7-8 (La. 5/3/17), 226 So.3d 387, 392, citing *State ex rel. Olivieri v. State*, 00-0172, 00-1767 (La. 2/21/01), 779 So.2d 735. While I do not dispute that requiring mandatory registration and notification is based in large part on alerting the public and law enforcement for purposes of public safety, it defies common sense to not conclude it is nevertheless an essential part of a sex offender's sentence. It is undisputedly mandatory and I find our holding in *State v. Moore*, 03-16 (La.App. 3 Cir. 5/14/03), 847 So.2d 53, that the requirement to register as a sex offender is "an essential part of [the defendant's] sentence." In *State v. Guidry*, 16-1412 (La. 3/15/17), 221 So.3d 815, 817, the court stated "[w]hen the penalty is a mandatory one, the trial judge must inform the jury of the penalty on request of the defendant and must permit the defense to argue the penalty to the jury. *State v. Washington*, 367 So.2d 4 (La. 1984)."

The State has no discretion in implementing the registration period for sexual offenders, nor is it required to file anything. Unlike in the Habitual Offender proceedings nothing new is required to be filed. Moreover, there is no judicial discretion in the implementation of the registration period. If the trial judge waives the reporting and/or notification requirements, the order is deemed null and void. La.R.S. 15:542(F)(1). Lastly, a trial court's failure to advise a defendant of the reporting and notification requirements will require a remand for proper instruction.

Therefore, I would reverse and vacate Defendant's conviction and sentence in this matter.