919 So.2d 727 (2006)
STATE of Louisiana
v.
Susan M. LEMOINE.
No. 05-KA-265.
Court of Appeal of Louisiana, Fifth Circuit.
November 29, 2005.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Assistant District Attorney, Gretna, Louisiana, for Plaintiff/Appellant.
Kevin V. Boshea, Philip E. Hantel, Rouge, Louisiana, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., CLARENCE E. McMANUS, and JAMES C. GULOTTA, Pro Tempore.
EDWARD A. DUFRESNE, JR., Judge.
The Jefferson Parish District Attorney's Office filed a bill of information charging defendant, Susan M. Lemoine, with driving while intoxicated, fourth offense, in violation of LSA-R.S. 14:98. Defendant originally pled not guilty to the charge, but then withdrew that plea and pled guilty. Subsequently, defendant withdrew her guilty plea and filed a number of pretrial motions, including a motion to quash the bill of information. At the hearing on the motion to quash, defense counsel argued that the Louisiana Legislature did not specifically authorize the use of a pardoned D.W.I. conviction to enhance a subsequent D.W.I. felony charge. Therefore, defendant's pardoned third offense D.W.I. conviction could not serve as a predicate to enhance the present D.W.I. charge against defendant to a fourth offense. At most, defendant could only be charged with third offense D.W.I. However, defense counsel was unable to provide the court with any legal authority supporting his position. The state responded that, similar to multiple offender proceedings, a pardoned first offender D.W.I. conviction can serve to enhance a subsequent D.W.I. *728 charge. After looking to Article 893 of the Louisiana Code of Criminal Procedure for guidance and analogy, the trial court concluded that, as a result of the pardon in this case, defendant's third offender D.W.I. conviction no longer existed. The trial court therefore granted the motion to quash. It is from this ruling that the state now appeals.
In the present case, after completion of her sentence, defendant received an automatic first offender pardon in connection with her third offense D.W.I. conviction. At issue in this appeal is the scope of the automatic first offender pardon under LSA-R.S. 15:572. That statute provides, in pertinent part, as follows:
A. The governor may grant reprieves to persons convicted of offenses against the state and, upon recommendation of the Board of Pardons as hereinafter provided for by this Part, may commute sentences, pardon those convicted of offenses against the state, and remit fines and forfeitures imposed for such offenses. Notwithstanding any provision of law to the contrary, the governor shall not grant any pardon to any person unless that person has paid all of the court costs which were imposed in connection with the conviction of the crime for which the pardon is to be issued.
B. (1) A first offender never previously convicted of a felony shall be pardoned automatically upon completion of his sentence without a recommendation of the Board of Pardons and without action by the governor.
* * *
D. On the day that an individual completes his sentence the Division of Probation and Parole of the Department of Corrections, after satisfying itself that (1) the individual is a first offender as defined herein and (2) the individual has completed his sentence shall issue a certificate recognizing and proclaiming that the petitioner is fully pardoned for the offense, and that he has all rights of citizenship and franchise, and shall transmit a copy of the certificate to the individual and to the clerk of court in and for the parish where the conviction occurred. This copy shall be filed in the record of the proceedings in which the conviction was obtained. However, once an automatic pardon is granted under the provisions of this Section, the individual who received such pardon shall not be entitled to receive another automatic pardon.
E. Notwithstanding any provision herein contained to the contrary, any person receiving a pardon under the provisions of Subparagraph (1) of Paragraph (E) of Section 5 of Article IV of the Louisiana Constitution of 1974 and this Section may be charged and punished as a second or multiple offender as provided in R.S. 15:529.1.
Moreover, Article IV, Section 5(E)(1) of the Louisiana Constitution provides:
The governor may grant reprieves to persons convicted of offenses against the state and, upon favorable recommendation of the Board of Pardons, may commute sentences, pardon those convicted of offenses against the state, and remit fines and forfeitures imposed for such offenses. However a first offender convicted of a non-violent crime, or convicted of aggravated battery, second degree battery, aggravated assault, mingling harmful substances, aggravated criminal damage to property, purse snatching, extortion, or illegal use of weapons or dangerous instrumentalities never previously convicted of a felony shall be pardoned automatically upon completion of his sentence, without a recommendation *729 of the Board of Pardons and without action by the governor.
As can be seen from the foregoing, the provisions of Louisiana Constitution, Article IV, Section 5(E)(1) are incorporated as part of LSA-R.S. 15:572(A) and (B)(1). It is also noted that the provisions concerning the governor's pardon and the automatic first offender's pardon are contained in separate subparagraphs of LSA-R.S. 15:572.
On appeal, the state argues that a distinction exists between a governor's pardon and the automatic first offender pardon. While authority for both pardons is found in Article IV, Section 5(E)(1) of the Louisiana Constitution and LSA-R.S. 15:572, the governor's pardon is full and complete while the automatic first offender pardon is limited. According to the state, the governor's pardon restores the pardoned individual to innocence of the crime for which he was convicted while the automatic first offender pardon only restores the pardoned individual to the rights and privileges of citizenship. Defendant, on the other hand, argues that the Louisiana Legislature has not specifically included in the D.W.I. statute a provision authorizing pardoned D.W.I. convictions to serve as predicates for subsequent enhancement of D.W.I. charges, as it has specifically done in the case of multiple offender proceedings.
In support of its position, the state relies primarily on the Louisiana Supreme Court's opinion in State v. Adams, 355 So.2d 917 (La.1978). In that case, the defendant challenged his enhanced sentence as a second felony offender. Among those challenges, the defendant argued that his first felony conviction could not serve as a predicate in the multiple offender proceeding because he had received an automatic first offender pardon on his first felony conviction. The supreme court rejected that argument and ruled that a distinction existed between the governor's pardon and the automatic first offender pardon. According to Adams, "It is clear that a full complete pardon by the governor precludes use of a pardoned offense to enhance punishment." 355 So.2d at 921. The supreme court then examined the automatic first offender pardon and found that it restored the basic rights of citizenship under Article I, Section 20 of the Louisiana Constitution[1] and restored certain privileges and rights under Article IV, Section 5(E)(1) of the Louisiana Constitution. The court in Adams then concluded, "That does not mean, however, that the automatic pardon provision restores the status of innocence to the convict who has merely served out his sentence." 355 So.2d at 922. According to Adams, if the Louisiana Legislature had intended that an automatically pardoned first offense could not be used for enhancement of punishment, it could have easily said so. The Louisiana Supreme Court thus ruled in Adams that the automatic first offender pardon did not preclude a first felony conviction from serving as a predicate in a multiple offender proceeding. Id.
The law of this state has never recognized the automatic first offender pardon as being a full pardon and restoring the pardoned individual to the status of innocence. To the contrary, the law has consistently distinguished between the full and complete scope of the governor's pardon and the limited scope of the first offender pardon. The automatic first offender pardon restores the basic rights of *730 citizenship without the need to appear before the pardon board. State v. Adams, supra; State v. Lewis, 366 So.2d 1355, 1357-1358 (La.1978); State v. Selmon, 343 So.2d 720, 721-722 (La.1977); State v. Moore, 03-16 (La.App. 3 Cir. 5/14/03), 847 So.2d 53, 58-60, writs denied, 03-1480 (La.12/12/03), 860 So.2d 1150 and 04-2931 (La.1/21/05), 893 So.2d 55. See also La. Atty. Gen. Op. No. 95-293.
In the present case, defendant received an automatic first offender pardon rather than a full and complete pardon from the governor. Given the limited scope of the first offender pardon, we find that defendant's pardoned third offense D.W.I. conviction can serve as a predicate conviction for the fourth offense D.W.I. charge against defendant. Accordingly, we reverse the trial judge's decision quashing the bill of information and remand the matter to the trial court for further proceedings.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[1] Article I, Section 20 provides, in pertinent part, "Full rights of citizenship shall be restored upon termination of state and federal supervision following conviction for any offense."